Tom Parker filed a Rule 32, A.R.Cr.P., petition with the Houston Circuit Court attacking his May 1983 conviction for theft of property in the second degree. In the State's motion to dismiss, the State argued that the petition was barred by the limitations period. The trial judge agreed and denied the petition.
In his petition, Parker claims that his conviction is due to be reversed pursuant to Powers v. Ohio, ___ U.S. ___,111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). On appeal, he contends that the limitations period does not apply to his case. His arguments are without merit. First of all, Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), "should not be applied retroactively on collateral review of convictions that became final before Batson was decided." Horsley v. State,527 So.2d 1355 (Ala.Crim.App. 1988) (citing Allen v. Hardy,478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986)). See also Bellv. State, 518 So.2d 840 (Ala.Crim.App. 1987); Ex ParteLove, 507 So.2d 979 (Ala. 1987). Since Powers is an expansion of Batson, we hold that Powers also cannot be applied retroactively on collateral review of convictions that were final before Powers was decided. Therefore, Powers is not applicable to this case because Parker's conviction was final on August 31, 1984, long before Powers was decided on April 1, 1991. Secondly, the trial court correctly denied the petition based on the limitations period. Rule 32.2(c), A.R.Crim.P., provides:
 "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable two-year period specified in the first sentence *Page 77 
of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987."
Parker's ground for relief is specified in 32.1(a). Therefore, the limitations period had clearly run before this petition was filed on July 1, 1991.
The judgment of the trial court is affirmed.
Affirmed.
All the Judges concur.