The appellant, Fred Glenn Wilson, Jr., appealed the Jefferson Circuit Court's summary denial of his Rule 32, Ala.R.Crim.P., petition, attacking his conviction for murder and his sentence to life imprisonment. We remanded the cause to the circuit court for that court to hold an evidentiary hearing on the appellant's contention that his counsel, both at trial and on appeal, rendered ineffective assistance of counsel,598 So.2d 1055. On return, the circuit court noted that the appellant has withdrawn his contention as to appellate counsel. The only issue on return is whether the appellant's trial counsel was ineffective. The appellant cites three instances of alleged ineffective assistance: trial counsel's request for a continuance for more time to prepare; failure to preserve the trial court's refusal to give a requested instruction on a lesser included offense; and failure to adequately prepare witnesses.
The appellant primarily bases his claim of ineffective assistance of counsel on his trial counsel's request for a continuance on the day of trial. On the day of the appellant's trial, trial counsel requested a continuance, telling the trial court that he did not have time to adequately prepare for the appellant's case because he had been attending to another matter out of town. Trial counsel explained to the trial court that it was his opinion that to try the appellant at that time would deny the appellant effective counsel. The trial judge stated for the record that the case had been continued on two other occasions at the request of the defense. He further stated that the case was one of the oldest cases on his docket and that he believed that there had been sufficient time to prepare for trial. The trial judge denied the continuance and the trial proceeded.
At the evidentiary hearing on the appellant's Rule 32, Ala.R.Crim.P., petition, trial counsel testified that he had been an attorney for 24 years when he represented the appellant. He stated that he had represented defendants in criminal cases before representing the appellant. He testified that he knew the appellant and that he had represented the appellant in civil matters.
He further stated that he had met with the appellant on at least three or four occasions before the trial and had discussed the case with him. He testified that he had received and evaluated discovery provided by the State, which included police reports, statements made by the appellant, and a videotape of the scene. He stated that there were several witnesses who testified for the appellant during the trial, although the witnesses were not necessarily subpoenaed. He also stated that before the trial he had spoken with the witnesses. He testified that he asked for the continuance in the appellant's case because he had been out of town and he had gotten behind in some work, but he stated that he was as prepared for the appellant's case as he would ever have been.
Trial counsel testified at the hearing on the appellant's Rule 32 petition that he requested a jury instruction regarding the lesser included offense of manslaughter, and that he thought he excepted to the trial court's refusal to give the charge. Additionally, he stated the charge was not marked by the trial court as given or refused. He said, therefore, that he believed that the issue as to whether the refusal to give the charge was preserved for appellate review was something that was due to be addressed by appellate counsel and this Court.
The appellant testified that he was assured by his trial counsel that he would get a continuance. Witnesses testified that the appellant's trial counsel spoke with them for a few minutes before they testified at the appellant's trial. *Page 1328 
An attorney who practiced criminal law testified as an expert witness and expressed the opinion that the trial counsel was ineffective. He based his opinion upon a reading of the trial transcript. He testified that he had not spoken with the appellant or with trial counsel. The witness stated that he had analyzed the testimony of the witnesses presented by the defense and stated that it appeared that those witnesses were unprepared to testify. He also stated that trial counsel was ineffective because he failed to object to the trial court's refusal to instruct the jury regarding manslaughter as a lesser included offense of murder. The witness testified that the State presented strong testimony from the victim's mother, who was an eyewitness to the murder, and that this testimony was extremely damaging to the defense. Moreover, the witness was unable to testify that had trial counsel performed differently at trial the outcome of the appellant's trial would have been different.
The appellant has not sustained his burden of proof in establishing that trial counsel was ineffective. In order to establish ineffective assistance of counsel, the appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for counsel's mistakes, the result of the trial would have been different. Strickland v.Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65,80 L.Ed.2d 674 (1984). Additionally, in a Rule 32, Ala.R.Crim.P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.
In this case, the appellant's argument that his trial counsel was not prepared to try his case because his trial counsel requested a continuance and argued he was not prepared, does not satisfy the appellant's burden of proof and the two-pronged test of Strickland. At the hearing on the motion for a continuance, trial counsel argued that he had been out of town for several weeks preceding the date set for trial and he desired a continuance for time to prepare. During the evidentiary proceeding, trial counsel stated that he was as prepared for trial as he ever would be, but wanted a continuance to take care of other matters because he had been out of town during the weeks preceding the appellant's trial. Based upon the testimony presented at the evidentiary hearing regarding the reasons for the requested continuance, the appellant did not sustain his burden of proof that his trial counsel was not prepared to try his case. Nor did the appellant sustain his burden of proof that the outcome of his trial would have been different had trial counsel been given more time to take care of other matters in light of the fact that the appellant's expert could not state that but for any of the alleged errors of trial counsel, the result of his trial would have been different.
The appellant also argues that his trial counsel was ineffective for failing to preserve the trial court's refusal to give a manslaughter instruction for this Court's review on direct appeal. Again, the appellant has not established proof of the two-pronged test in Strickland, and has failed to satisfy his burden of proof. First, trial counsel testified that the requested manslaughter instruction was not marked by the trial judge as given or refused. This Court has held that defense counsel's failure to request or to object to jury instructions, even if that failure is determined to be error, will not always constitute reversible error. See Cosby v.State, 627 So.2d 1057 (Ala.Crim.App. 1992).
Moreover, the appellant readily admits in his brief to this court that he killed his wife in self-defense because he had reason to believe "that his life was in peril." (Appellant's Brief p. 22). This Court has held when evidence is presented to support a defense of self-defense, the appellant is either guilty of murder or he is not guilty because the killing was in self-defense. Harper v. State, 629 So.2d 67
(Ala.Crim.App. 1993). See also Lacey v. State,629 So.2d 688 (Ala.Crim.App.), cert. denied, 629 So.2d 691 (Ala. 1993). But see Brooks v. State, 630 So.2d 160
(Ala.Crim.App. 1993). Therefore, self-defense does not support a manslaughter instruction. In this case, the appellant's own expert testified that the State presented a strong and competent witness whose testimony was extremely detrimental to the appellant's case. The evidence was certainly sufficient *Page 1329 
to sustain the appellant's conviction for murder and, as stated, the appellant's expert could not state that the error, if any, would have resulted in a different outcome at the appellant's trial. Thus, even assuming counsel's performance was defective, the appellant has failed to establish the prejudice component of Strickland. See Johnson v.State, 612 So.2d 1288, 1298 (Ala.Crim.App. 1992).
The appellant also argues that trial counsel was ineffective because, he says, counsel failed to interview and prepare witnesses. Trial counsel testified that he interviewed all witnesses brought to his attention by the appellant. According to trial counsel, some witnesses were interviewed at his office days before the trial. At the evidentiary hearing, some witnesses testified that they had been interviewed by trial counsel shortly before they testified. The appellant cites excerpts from witnesses' testimony at the trial to show that the witnesses were not prepared. As the Alabama Supreme Court noted in Ex parte Womack, 541 So.2d 47, 67 (Ala. 1988), in applying Strickland, we must make "every effort to eliminate the effect of hindsight." The manner in which direct and cross-examination of witnesses is performed in trials varies from case to case and from witness to witness. It is much easier to criticize the manner in which examination was conducted when the questions and testimony have been transcribed and the outcome is known. The appellant's argument in regard to witnesses' testimony is exactly what the Supreme Court cautioned against. The appellant has failed to show that, had they been prepared differently, the witnesses could have testified to other relevant matters that would have resulted in a different outcome of the trial. Therefore, the appellant has failed to satisfy the prejudice element of theStrickland test.
The circuit court's denial of the appellant's petition for post-conviction relief is due to be affirmed.
AFFIRMED.
All the Judges concur.