[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 196 
 ON APPLICATION FOR REHEARING
This court's opinion of July 29, 1994, is hereby withdrawn and the following opinion substituted therefor.
The appellant, Thomas J. Fortenberry, appeals the denial of his petition for post-conviction relief filed pursuant to Rule 20, Ala.R.Crim.P.Temp. (now Rule 32, Ala.R.Crim.P.). The appellant was convicted of murder made capital because two or more persons were killed during one course of conduct and because the murders were committed during a robbery. §13A-5-40(a)(10) and § 13A-5-40(a)(2), Code of Alabama 1975. He was sentenced to death by electrocution. We affirmed his conviction in Fortenberry v. State, 545 So.2d 129
(Ala.Cr.App. 1988). The Alabama Supreme Court affirmed, Ex parteFortenberry, 545 So.2d 145 (Ala. 1989), and the United States Supreme Court denied certiorari review, Fortenberry v. Alabama,495 U.S. 911, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990). In November 1990, the appellant filed a petition for post-conviction relief, attacking his conviction and sentence to death. The circuit court held a hearing and, in a thorough 21-page order, denied the petition on May 27, 1993.
The state's evidence at trial tended to show that on August 25, 1984, four people were killed at the Guest Service Station near Attala, Alabama. The appellant confessed to the murders and admitted in an extrajudicial statement that he had stolen the gun used in the murders from his father's gun repair business.
The appellant raises many issues in this post-conviction proceeding that are barred from our review because they were either addressed on direct appeal or could have been but were not raised by the appellant on direct appeal. See procedural default grounds Rule 32.2(a)(4) and Rule 32.2(a)(5).
The following issues are procedurally barred from this court's review as they were either addressed on direct appeal or could have been, but were not, raised on direct appeal. Rule 32.2(a)(4) and 32.2(a)(5), Ala.R.Crim.P.
 1) The appellant's claim that the court unduly restricted voir dire.
 2) The appellant's claim that the court erred in not granting his motion for a change of venue.
 3) The appellant's claim that he was deprived of an impartial jury.
 4) The appellant's claim that the prosecutor's arguments were improper.
 5) The appellant's claim that his arrest was unlawful.
 6) The appellant's claim that he was convicted on the unreliable testimony of witnesses. *Page 197 
 7) The appellant's claim that the court erred in receiving into evidence prejudicial photographs.
 8) The appellant's claim that the court's instructions to the jury were erroneous. 9) The appellant's claim that application of the "especially heinous, atrocious, and cruel" aggravating circumstance was not proper in this case.
 10) The appellant's claim that the death penalty is arbitrarily applied and discriminatory.
 11) The appellant's claim that the state failed to provide him with exculpatory evidence.
 12) The appellant's claim that he was denied a fair trial based on the state's use of its peremptory strikes.
A majority of the issues raised by the appellant concern the performance of his trial counsel. The appellant contends that as a result of the numerous alleged errors made at trial by counsel, he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.
An appellant claiming that his counsel's conduct was ineffective must satisfy the test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must show: (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient conduct, to the extent that but for the deficient conduct of counsel, the outcome of the case would have been different.
The appellant has the "burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle [him] to relief." Rule 32.3, Ala.R.Crim.P. See also Wilson v.State, 644 So.2d 1326 (Ala.Cr.App. 1994); Elliott v. State,601 So.2d 1118 (Ala.Cr.App. 1992); Bell v. State, 565 So.2d 1244
(Ala.Cr.App. 1990).
To prevail on a claim of ineffective assistance of counsel:
 "The appellant must show that his counsel's performance was unreasonable, considering all of the attendant circumstances. . . . '[a] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' Strickland, 466 U.S. at 690, 104 S.Ct. at 2066."
590 So.2d at 362. This court cannot use hindsight when evaluating the performance of trial counsel. Cartwright v.State, 645 So.2d 326 (Ala.Cr.App. 1994); Wilson v. State,644 So.2d 1326 (Ala.Cr.App. 1994); State v. Tarver, 629 So.2d 14
(Ala.Cr.App. 1993). We must examine counsel's performance in light of the circumstances existing at the time of the challenged conduct. Luke v. State, 484 So.2d 531
(Ala.Cr.App. 1985).
The Sixth Amendment of the United States Constitution guarantees an accused the right to counsel. The right to counsel has been interpreted to mean the right to "reasonably effective assistance" of counsel which goes to the first prong of the Strickland test. Duren v. State, 590 So.2d 360, 362
(Ala.Cr.App. 1990), aff'd, 590 So.2d 369 (Ala. 1991), cert. denied, 503 U.S. 974, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992).
Initially, the appellant contends that his trial counsel's performance was deficient because, he says, counsel failed to adequately investigate the case.
 "In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court noted that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.' 466 U.S. at 691, 104 S.Ct. at 2066."
Hall v. State, 521 So.2d 1373, 1377 (Ala.Cr.App. 1988). No one, however, expects that defense counsel will possess and exercise all of the techniques and contacts of a professional private detective.
The trial in this case was scheduled to begin on a Monday. Up until the Saturday before, the appellant had told his attorneys *Page 198 
that he was guilty. In addition, the appellant had escaped from jail before trial and had been a fugitive from justice for several weeks, during which time his counsel could not confer with him. As the United States Supreme Court stated inStrickland:
 "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions."
466 U.S. at 691, 104 S.Ct. at 2066.
The appellant initially contends that his counsel's performance was ineffective because, he says, counsel did not call two potential witnesses who the appellant alleges could have testified that when they were out drinking with Harvey Underwood, Underwood confessed that he had killed the people at the Guest Service Station. However, the record of the post-conviction hearing shows that this alleged evidence did not come to light until years after the appellant had been tried and convicted.[1] Therefore, counsel's performance could not be considered deficient for failing to call these witnesses at trial.
Further, the court made the following finding concerning these two witnesses testimony at the hearing:
 "To the extent that Fortenberry asserts that his trial attorneys should have found Pruitt and Shadwrick, there has been no showing that the testimony of those two individuals concerned an event which predated the defendant's trial. Moreover, after observing the demeanor of these witnesses, and reviewing their testimony, which conflicted in pertinent parts, this Court finds that those witnesses are not credible and that their testimony would have not helped Fortenberry."
The appellant has failed to satisfy the Strickland test for ineffective assistance of counsel.
For a thorough discussion of Underwood's possible involvement in the offense, see our opinion in Fortenberry, 545 So.2d at 132-34.
The appellant further contends that his counsel's performance was deficient because, he says, defense counsel failed to call three potential witnesses who were present at the Guest Service Station directly after the murders. The record shows that interviews of these witnesses were in discovery material given to defense counsel by the prosecution on the Friday before trial on Monday. Two of these individuals testified at the post-conviction hearing that they saw a truck leaving the area after the murders. One witness testified that the truck was blue, unlike the truck in which the appellant had been traveling on the day of the murders. The third witness testified that when he arrived at the station, Mr. Guest told him that it did not look like a robbery because one of the victims still had money in his pocket,[2] therefore, the appellant argues, he would not have been found guilty of a capital offense.
The record shows that when defense counsel obtained the witnesses' statements, counsel requested a continuance and attempted to subpoena witnesses. The court refused the request. The court's refusal to grant a continuance was specifically addressed and discussed, *Page 199 
and its judgment was affirmed by this court on direct appeal.Fortenberry, 545 So.2d at 138.
As the court stated in its order denying the petition:
 "[T]rial counsel were preparing for the trial of a client who maintained his guilt until shortly before trial began. Counsel cannot be faulted for their preparation of this case and for basing their strategy on facts conveyed to them by the defendant. Their performance certainly cannot be faulted when the defendant's last-minute change in his story is taken into account. Counsel performed admirably, and Fortenberry's claims of ineffective assistance of counsel are without merit."
The record of the post-conviction hearing also shows that one of these potential witnesses was a friend of both the appellant and of Underwood. She agreed to undergo a polygraph test but appeared not to have taken the test.
Further, the record reflects that a witness at the appellant's trial testified that she was present at the time of the murders and that she saw an individual, who she said was not the appellant, at the Guest Service Station at that time. This witness also testified at the post-conviction hearing. As to the appellant's allegation concerning the fact that no robbery occurred the record shows that the owner of the store testified that money was taken at the time of the murders.
Given the circumstances of this case and this court's rulings on direct appeal, we hold that the appellant has failed to satisfy the requirements of Strickland as to this issue.
The appellant further contends that his counsel's performance was ineffective because, he says, counsel failed to investigate in preparation for the penalty stage of the proceedings and failed to call additional witnesses. The record reflects that the guilt phase was completed on Saturday. Counsel asked for a continuance until Monday to have more time to prepare for the penalty phase. The court polled the jury and after ascertaining that the members of the jury wished to proceed, the court continued the proceedings without delay. The court made the following findings at the Rule 32 hearing:
 "[T]he Court also finds specifically that counsel did not seek a continuance of the penalty phase proceedings due to any lack of preparation, but rather to allow the jury a cooling-off period before beginning penalty phase deliberations. Likewise, any claim by Fortenberry that his trial counsel were ineffective for not presenting mental state testimony in mitigation is specious given that no mental state evidence was presented in this proceeding even though Fortenberry had every opportunity to do so."
Counsel at the post-conviction hearing testified that they discussed his options with Fortenberry and that the only person suggested by the appellant as a potential witness was his father. They further stated that the jury already had evidence before it concerning the appellant's age, background, and his lack of a criminal record. The appellant contends that the attorneys should have been prepared to present psychiatric or psychological evidence at the sentencing hearing. However, counsel stated that the appellant had been evaluated at Taylor Hardin Secure Medical Facility and that there was no evidence that the appellant suffered from a mental deficiency.
"There had never been a case where additional witnesses could not have been called." Tarver, 629 So.2d at 21. Based on the facts of this case we cannot say that counsel's performance was ineffective for failing to call additional witnesses.
The appellant further contends that his counsel's performance was ineffective in that counsel failed to move to suppress the appellant's statement, failed to move for a change of venue, and failed to make necessary objections.
The record reflects that counsel did move for a change of venue. Counsel stated that they had subpoenaed records from the newspapers, radio stations, and television stations. They also questioned the prospective jurors about the publicity on voir dire and after voir dire again renewed the motion for a change of venue. *Page 200 
The record reflects that counsel further moved to suppress the appellant's statement. The appellant maintained that counsel's performance was deficient because they failed to call him to testify at the suppression hearing. One of the appellant's counsel testified at the post-conviction hearing that he felt that the only arguments that could be made concerning the admissibility of the appellant's statement were the length of the time the appellant was detained before he made the statement and the validity of the arrest warrant. The decision to not call a witness does not amount to ineffective assistance of counsel. Duncan v. State, 461 So.2d 906
(Ala.Cr.App. 1984). " 'Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim.' United States v. Hughes, 635 F.2d 441, 453 (5th Cir.), cert. denied, 454 U.S. 831, 102 S.Ct. 128, 70 L.Ed.2d 108
(1981)." 461 So.2d at 909.
Further, each of these motions was denied by the trial court. Counsel's performance is not necessarily ineffective because he receives an adverse ruling from the trial court. This court, on direct appeal, specifically addressed and upheld the denial of each of these motions. This is one factor to be assessed when determining whether counsel's performance was ineffective in arguing these motions. Cf. Hallford v. State, 629 So.2d 6, 10
(Ala.Cr.App. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 1870,128 L.Ed.2d 491 (1994). Furthermore, the appellant has asserted no argument on appeal which would have resulted in the motions being granted. The appellant has failed to meet the Strickland
test here.
Further, " '[e]ffectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made.' Stringfellow v.State, 485 So.2d 1238, 1243 (Ala.Crim.App. 1986)." Reynolds v.State, 615 So.2d 94, 97 (Ala.Cr.App. 1992).
The appellant also argues that his appellate counsel's performance was ineffective. Specifically, he contends that counsel failed to raise several issues on appeal. A review of the record shows that each issue that he argues was not raised was specifically addressed by this court on direct appeal. This court on direct appeal searched the record for any error that may have adversely affected the appellant's substantial rights and found none. Rule 45A, Ala.R.App.P. "A finding of no plain error is one factor to consider when assessing the performance of [appellate] counsel." Hallford, 629 So.2d at 10. Appellant's counsel on appeal was not ineffective.
The appellant further argues that he was deprived of a fair trial because, he argues, the prosecutor used his peremptory strikes in a racially discriminatory manner violating the United States Supreme Court's holding in Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and that his appellate counsel's performance was ineffective because counsel failed to raise this issue. The appellant is a white male. The appellant's direct appeal was final in 1990. Batson was extended by the United States Supreme Court to whites in Powersv. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). "Powers . . . cannot be applied retro-actively on collateral review of convictions that were final before Powers was decided." Parker v. State, 599 So.2d 76, 76 (Ala.Cr.App. 1992). Therefore, Powers, which was decided in 1991, was not applicable to the appellant's case. Appellate counsel's performance was not ineffective for failing to raise this issue on appeal.
Furthermore, there is absolutely no indication in the record that any violation of Batson occurred. The appellant's only grounds for support of this assertion is that some blacks were struck from the venire. As stated previously, the petitioner in a post-conviction proceeding bears the burden of pleading and proving his allegations by a "preponderance of the evidence." Rule 32.3 Ala.R.Crim.P. The appellant failed to allege in his petition who was struck from the venire or any other information concerning the composition of the venire or the composition of the jury. The appellant has failed to meet his burden.
For the foregoing reasons, the court's denial of the appellant's petition for post-conviction relief is affirmed. *Page 201 
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
APPLICATIONS FOR REHEARING OVERRULED;
RULE 39(k) MOTION DENIED;
AFFIRMED.
All the Judges concur, except MONTIEL, J., who recuses.
[1] The appellant has failed to satisfy the requirement of Rule 32.1(e), Ala.R.Cr.P., for relief on the grounds of newly discovered evidence.
[2] The record, which contains the statement made by this witness to police, contains no reference to anything Mr. Guest told him at the station. This evidence was first presented at the Rule 32 hearing.