932 So.2d 118 (2004)
Ex parte State of Alabama.
(In re STATE of Alabama
v.
Lartasha GAINES).
CR-03-1201.
Court of Criminal Appeals of Alabama.
July 16, 2004.
*119 M. David Barber, district atty., and J. Alan Baty, asst. district atty., for petitioner.
K. David Sawyer and Lynne R. Thrower, Montgomery, for respondent Judge McCormick.
PER CURIAM.
The district attorney for the Tenth Judicial Circuit filed this petition for a writ of mandamus directing Judge Michael W. McCormick to vacate the sentence he imposed after Lartasha Gaines pleaded guilty to the unlawful distribution of a controlled substance.[1] In April 2004, Gaines pleaded guilty, without the benefit of a plea agreement, to the offense, and Judge McCormick sentenced her to 20 years in prison; the sentence was split and Gaines was ordered to serve two years in the state penitentiary and two years on probation. The State then filed this mandamus petition.
This case is correctly before this Court by way of petition for a writ of mandamus. "The State may file a mandamus petition challenging an illegal sentence." State v. Monette, 887 So.2d 314 (Ala.Crim.App.2004), citing Smith v. State, 447 So.2d 1334 (Ala.1984).
Judge McCormick first argues that we should dismiss this petition because, he argues, it was filed outside the presumptively reasonable period set forth in Rule 21(a), Ala.R.App.P. Rule 21(a), Ala.R.App. P., provides that a petition for a writ of mandamus must be filed within the period for filing a notice of appeal. The State's time for taking an pretrial appeal is seven days. Rule 15.7(b), Ala.R.Crim.P. Thus, the State has seven days within which to file a petition for a writ of mandamus. Ex parte Sharp, 893 So.2d 571 (Ala.2003).
Judge McCormick sentenced Gaines on April 19, 2004. This mandamus petition was filed on April 27  eight days after Gaines was sentenced. However, what the respondent fails to consider is that the seventh day  April 26, 2004  was Confederate Memorial Day  an official state holiday.[2] Pursuant to Rule 26, Ala.R.App.P., because the last day of the period fell on a day on which this Court was closed in *120 observance of an official state holiday, the State had until the next business day  i.e., April 27, 2004  to file a timely petition.[3] See also Rule 5(A), Ala.R.Jud.Admin. This petition was timely filed.
The State argues that Judge McCormick's sentence is illegal because the two-year sentence is less than the mandatory minimum sentence provided in § 15-18-8(a)(1), Ala.Code 1975. It cites prior cases of this Court where we have held that the mandatory minimum period of confinement for a 20-year split sentence is three years in the state penitentiary. See Austin v. State, 864 So.2d 1115 (Ala. Crim.App.2003) (opinion on return to remand); Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003)(opinion on return to remand).
Judge McCormick asserts that the sentence he imposed is consistent with § 15-18-8(c), Ala.Code 1975. He cites an attorney general opinion that states, "[I]t is the position of this Office that section 15-18-8(c) of the Code of Alabama does allow a trial judge to probate an entire sentence that is 20 years or less." Op. Att'y.Gen. No. 2002-196.[4]
To address this argument we must first evaluate the Split Sentence Act and the subsequent amendments to that Act.
"`The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala.1992); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala.1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala.1993); IMED Corp. v. Systems Eng'g Associates Corp., 602 So.2d 344 (Ala.1992).'
"Beavers v. County of Walker, 645 So.2d 1365, 1376-77 (Ala.1994). See also Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991) (`Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.' (citations omitted)). Moreover, this Court has stated:
"`"In determining legislative intent, statutes are, where possible, construed *121 in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation." Sullivan v. State ex rel. Attorney General of Alabama, 472 So.2d 970, 973 (Ala.1985). "It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute." Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App.1977). "[I]n cases of conflicting statutes on the same subject, the latest expression of the legislature is the law. Where a conflict exists between statutes, the last enactment must take precedence." [Baldwin County v.] Jenkins, 494 So.2d [584,] 588 [(Ala.1986)] (citations omitted).'
"Hatcher v. State, 547 So.2d 905, 906-07 (Ala.Crim.App.1989)."
Soles v. State, 820 So.2d 163, 164-65 (Ala. Crim.App.2001).
Section 15-18-8, Ala.Code 1975, commonly referred to as the Split Sentence Act ("the Act"), was enacted in 1976. The original version of the Act allowed a trial court to split a sentence if the sentence did not exceed 10 years. The length of sentence eligible for split-sentence consideration was increased to 15 years in 1985 and to 20 years in 2000. See Act No. 85-905, Ala. Acts 1985, and Act No. 2000-759, Ala. Acts 2000. When the sentence eligible for split-sentence consideration was increased in 1985, the Legislature also amended § 15-22-50, Ala.Code 1975  which grants a court the authority to order probation for any sentence that does not exceed 15 years. However, the Legislature did not amend § 15-22-50, Ala.Code 1975, in 2000 when it increased the eligible sentence under the Act to 20 years and that statute still provides that a court may order probation only for a sentence that does not exceed 15 years.
Effective May 25, 2000, the Act was amended to expand its application to sentences that did not exceed 20 years. The amended Act reads as follows:
"(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
"(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period *122 upon the terms as the court deems best.

"....
"(c) Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation."
(Emphasis added.) The portion of the Act emphasized above was added by the 2000 amendment. The legislation amending the Act in 2000, Act no. 2000-759, is entitled, "An Act, to amend ... Section 15-18-8 of the Code of Alabama 1975, relating to imposition of the minimum term of imprisonment or fine and probation...." (Emphasis added.) Subsection (c) of the Act, which was added effective April 7, 1988, by Act No. 88-163, Ala. Acts 1988, was left unchanged by the 2000 amendment. The title of an act often will indicate the legislative intent. See Opinion of the Clerk No. 48, 606 So.2d 138 (Ala.1992).
The 2000 amendment, which limits a trial judge's discretion when the sentence is longer than 15 years, but less than 20 is inconsistent with § 15-18-8(c)  a provision of the same statute added by a 1988 amendment, which allows a court to order probation on the entire minimum term of imprisonment. Both the 2000 amendment and § 15-18-8(c) contain the phrase "notwithstanding any provision of law to the contrary." However, the 2000 amendment was enacted later in time and establishes a specific category of cases whose sentences are greater than 15 years, but not more than 20 years. "The well-settled principle is that the last expression of the legislative will is the law in case of conflicting provisions of the statute on the same subject, and the last enacted in point of time prevails." Middleton v. General Water Works & Elec. Corp., 25 Ala.App. 455, 456, 149 So. 351, 352 (1933). See also Williams v. State ex rel. Schwarz, 197 Ala. 40, 54, 72 So. 330, 336 (1916).
After evaluating the 2000 amendment and existing law we are confident that the Legislature intended that a trial court have no discretion as to the minimum confinement imposed when that court imposes a sentence greater than 15 but not more than 20 years. The clear wording of the 2000 amendment, "but not less than three years," establishes a mandatory minimum term of confinement. It would be contrary to the legislative intent in setting a mandatory minimum term of imprisonment if that mandatory term could then be suspended. Indeed, if Gaines's interpretation is correct then we question why the Legislature declined to amend § 15-22-50 to increase the length of the sentence for which a court could consider probation. Gaines's interpretation would also allow the circuit court to order probation on a 20-year sentence when § 15-22-50, Ala. Code 1975, grants a court authority to order probation only on sentences that do not exceed 15 years. "It is an ingrained principle of statutory construction that `[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute. Ex parte Louisville & N.R.R., 398 So.2d 291, 296 (Ala. 1981).'" Ex parte Fontaine Trailer Co., 854 So.2d 71, 83 (Ala.2003), quoting Carson v. City of Prichard, 709 So.2d 1199, 1206 (Ala.1998).
In 1985, when the Legislature amended the Act to increase the length of the sentence that was eligible for split-sentence consideration it merely changed the 10-year *123 term to 15 years. It made no other substantive changes. The Legislature could have made a similar change in 2000, but it chose instead to make substantive changes to the Act. Clearly, the Legislature expanded the application of the Act but chose to set harsher split-sentence terms for those individuals with longer sentences. Any other interpretation would render the 2000 amendment devoid of any field of operation and utterly meaningless.[5]
Moreover, this rationale is consistent with this Court's holdings in Austin and Moore. In Austin, the trial court sentenced Austin to 20 years; it then split his sentence and ordered that he serve 26 months in the state penitentiary. We remanded the case and stated: "Under § 15-18-8, Austin must serve a minimum of 3 years, but no more than 5 years, in confinement. The circuit court, therefore, did not have jurisdiction to order that Austin serve only 26 months in confinement." 864 So.2d at 1121. See also Moore. We have held that a trial court does not have jurisdiction to split a 20-year sentence so that the defendant serves less than the mandatory minimum term of imprisonment. The State has established the prerequisites for the issuance of this writ of mandamus.
For the foregoing reasons, this petition is due to be, and is hereby, granted. Judge McCormick is directed to resentence Gaines. As this Court ordered in Austin:
"Because the 20-year sentence was valid, the circuit court may not change it. See Wood [v. State, 602 So.2d 1195 (Ala. Crim.App.1992)]. However, the court may split the sentence in compliance with § 15-18-8, i.e., with no more than 5 years in confinement, see, e.g., Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App. 2001) (holding that `the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements' despite the prohibition against probation in §§ 13A-12-250 and 13A-12-270), or, it if determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence."
864 So.2d at 1118.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur; SHAW, J., concurs in the result, with opinion.
SHAW, Judge, concurring in the result.
I agree that this case is correctly before this Court by way of a petition for a writ of mandamus and that this petition was filed within the presumptively reasonable time period set out in Rule 21(a), Ala.R.App.P.
I also agree that the execution of Lartasha Gaines's sentence was illegal. See Austin v. State, 864 So.2d 1115 (Ala.Crim. App.2003), and Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003). However, I find it unnecessary to determine whether the Legislature intended for § 15-18-8(c), Ala. Code 1975, to authorize a trial court to suspend and probate an entire 20-year sentence. Section 15-18-8(c) provides:
"Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that *124 remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation."
(Emphasis added.)
Here, the trial court sentenced Gaines to 20 years in prison and then split that sentence  ordering two years' incarceration and two years' probation. The trial court did not suspend the entire sentence. To me, whether the Legislature, when it amended the Split Sentence Act in 2000, intended for a trial court to have the authority to suspend an entire 20-year sentence begs the issue presented by this petition  whether the Legislature intended to authorize a trial court to split a 20-year sentence and then suspend a part of the incarceration portion of that sentence. Regardless of what the Legislature may have intended as far as the authority to suspend an entire 20-year sentence is concerned, I can find no language in § 15-18-8(c) that would support the conclusion urged by the respondent  that a trial court has the authority to suspend a part of the incarceration portion of a split sentence. The statute says what it says. I cannot read anything more into it.
Although I disagree with some of the rationale of the main opinion, I agree that Gaines should be resentenced and, therefore, that the petition is due to be granted. Accordingly, I concur in the result.
NOTES
[1] Gaines also pleaded guilty to two other offenses but the State does not challenge the sentences imposed in those cases.
[2] This Court may take judicial notice of state holidays. Opinion of the Justices No. 295, 412 So.2d 279 (Ala.1982).
[3] Rule 26(a), Ala.R.App.P., states:

"In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, Sunday or legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this rule `legal holiday' includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Veteran's Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the Governor of the State, by the Legislature, by the President or the Congress of the United States."
[4] "Opinions of the attorney general are advisory in nature, and we are not obligated to follow them." Cantrell v. Walker Builders, Inc., 678 So.2d 169, 173 (Ala.Civ.App.1996).
[5] We note that this interpretation does not abrogate § 15-18-8(c), Ala.Code 1975, but allows it to maintain its viability as to those sentences that are for less than 15 years  the purpose for which that subsection was originally enacted in 1988.