WELCH, Judge.
Cornelius Williams appeals the Jefferson Circuit Court’s denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged his July 28, 2003, conviction for first-degree robbery, a violation of § 13A-8-41, Ala.Code 1975, and his resulting split sentence of 20 years’ imprisonment, including an order that Williams serve 2 years of confinement in the custody of the Department of Corrections, the balance of .the sentence being suspended, followed by 5 years’ probation.
Williams filed an in forma pauperis application, which was granted. The instant petition, Williams’s first, was deemed filed on August 24, 2014.
Williams filed the standard Rule 32 form attached as an appendix to Rule 32, Ala. R.Crim. P. Williams selected the following claim provided on the form as a ground for relief: 12(B): “The court was without jurisdiction to render judgment or to impose the sentence.”

Petitioner’s Claims

In his supplement to the petition, Williams raised the following claim:

“Attachment to Rule 32, Ala. R.Crim. P., Petition

“Comes now the Petitioner Cornelius Williams, pro-se, in the above styled cause hereby Petition’s [sic] this Court for relief from conviction and sentence under Rule 32, Ala. R.Crim. P.:
“I. Procedural History:
“In the spring term of the Jefferson County Grand Jury,'Williams was indict *890 ed and charged with first-degree robbery in violation of § 13A-8-41 of the Code of Alabama 1975.
“On July 28, 2003 pursuant to a plea agreement, Williams pleaded guilty to first-degree robbery and was sentenced to 20 split with two (2) years to serve followed by 5 years probation..
“There was no appeal taken therefore, Williams seeks relief from the conviction and sentence on the following ground(s): “II. Ground(s) for Relief:
“I.
“The trial court was without jurisdiction to render the judgment and impose the sentence
“Williams argues that the conviction of first-degree robbery and sentence of 20 years split with 2 years to serve are due to be vacated. On the basis that the trial court was without jurisdiction to accept the guilty plea to first-degree robbery because the plea agreement called for an illegal sentence.
“In the case of Calloway v. S[t]ate, 860 So.2d 900 (Ala.Crim.App.2002), the court, with respect to a plea agreement, said:
“ ‘In this case, the trial court actually accepted the plea agreement and sentenced Calloway in accordance with the agreement. However, the sentence was illegal under § 15-18-8, which prohibits splitting a sentence in excess of 20 years. A trial court cannot accept a plea agreement that calls for an illegal sentence.’
“[860 So.2d 900] at 906[.]
“And in the case of State v. Gaines, 932 So.2d 118 (Ala.Crim.App.2004), the court recognized that a sentence of 20 years split two (2) was illegal under .§ 15 — 18— 8(a)(1). In so doing, the court said:
“ ‘In Austin [v. State, 864 So.2d 1115 (Ala.Crim.App.2003)], the trial court sentenced Austin to 20 years; it then split his sentence and ordered that he serve 26 months in the State penitentiary. We remanded the case and stated: “Under 15-18-8 Austin must serve a minimum of 3 years, but no 'mote than 5 years, in confinement. The Circuit Court, therefore, did not have jurisdiction to order that Austin serve only 26 months in confinement.” 864 So.2d at 1121. See also Moore [v. State, 871 So.2d 106 (Ala.Crim.App.2003) ]. We have held that a trial court does not have jurisdiction to split a 20 year sentence so that the [defendant] serves less than the mandatory minimum term of imprisonment.’ 932 So.2d at 123,
“In the case at bar, it is without question that the State and defense reached a plea agreement. Wherein, Williams would plead guilty to first-degree robbery and in exchange therefore, the State would recommend a 20 year sentence split with two (2) years to serve followed by 5 years probation. It is also without question that the trial court on or about July, 28, 2003 accepted that plea agreement and sentenced Williams in accordance with that agreement. Its [sic] also without question that the two (2) years of confinement was less than the mandatory minimum térm requireed [sic] under 15-18-8(a)(l) Code of Alabama 1975. As a result thereof, the two (2) years of confinement was illegal and rendered the entire, plea, agreement illegal and outside the trial court’s jurisdiction to accept. Calloway v. State, supra, and State v. Gaines, supra. Accordingly, the trial court was without jurisdiction to accept the guilty plea to first-degree robbery because the guilty plea was based upon an agreement that called for an illegal sentence, and thus, *891 the conviction and sentence thereon are due to be vacated. Id. .
“In light of the above Williams prays that this Court will issue, process of service, order the STate [sic] to Respond within 30 days, and/or grant this petition and vacate the conviction and sentence.”
(C. 27-29.)

State’s Response

The State filed a response, noting that “Petitioner, pursuant to a plea agreement, entered a guilty plea tp Robbery in the first degree on July 28th, 2003 and [was] sentenced as a habitual offender to 20 year split 2 year to serve sentence.” (C. 34.) The State then asserted that the claims were procedurally barred under Rule 32.2(c), precluding claims raised in an untimely petition; Rule 32.2(a)(3), precluding claims which could have been raised at trial; and by Rule 32.2(a)(5), precluding claims which could have been raised on appeal. The State also requested that the court set a hearing date on the claim that the court was without jurisdiction and that the sentence was illegal.
In an addendum to its response the State realleged the procedural bars pleaded earlier, then alleged that the 20-year portion of Williams’s sentence was legal. The State argued:
“The Agreement and explanation of rights that were signed by the Petitioner both indicated that the agreed upon sentence was 20 years under HFOA [Habitual Felony Offender Act]. The Petitioner, under the Agreement, bargained for and received the sentence agreed upon by the parties and imposed by the Court under the HFOA. The only illegal .portion of Petitioner’s sentence is the split to serve 2 years. If this Honorable Court finds that the split sentence is illegal under the Alabama Code § 15-18-8, the State avers that a sentence can be reached legally, without setting aside the Petitioner’s Guilty Plea.”
(C. 41.)
The State next cited Bland v. State, 565 So.2d 1240, 1242-43 (Ala.Crim.App.1990), for the proposition that a defendant’s dissatisfaction with a sentence does not invalidate a guilty plea, and Whitman v. State, 903 So.2d 152.155 (Ala.Crim.App.2004), for the proposition that the factual basis of a plea does not affect the voluntariness of the plea and is not jurisdictional; and Adkins v. State, 930 So.2d 524, 549 (Ala.Crim.App.2001), for the proposition that a claim that a sentence is disproportionate may be procedurally barred.
The State then- requested that the circuit court resentence the petitioner without setting aside the guilty plea.
“The State further avers that a sentence can be reached that would not impose harm to Petitioner’s sentence more so than Petitioner originally bargained for under the Agreement, would not prejudice the Petitioner or the State, and would ultimately meet the Agreement bargained for by both parties legally and without setting aside ‘the Petitioner’s Guilty Plea. ‘When a' court imposes sentence in excess of that authorized by law, it exceeds its jurisdiction and the sentence is void.’ Barnes v. State, 708 So.2d 217, 219 (Ala.Crim.App.1997). ‘An illegal sentence may be challenged at any time, because if it has imposed an illegal sentence, the trial court has exceeded its jurisdiction and the sentence is void.’ Mosley v. State, 986 So.2d 476, 477 (Ala.Crim.App.2007). In Holley v. State [, [Ms. CR-12-2023, Oct. 3, 2014] — So.3d -, - (Ala.Crim.App.2014),] the Alabama Court of Criminal Appeals remanded this- case to the Circuit Court for resentencing due to an illegal split sentence and in support of *892 their decision stated in their brief [opinion] the following:
“ ‘This case must be remanded for the circuit court to conduct a sentencing hearing and to resentence Holley. To avoid a violation of Holley’s rights under' the Equal' Protection Clause of the 14th Amendment to the United States Constitution, however, the circuit court may not impose a sentence greater than the original sentence of 10 years’ imprisonment. Mewborn v. State, [170] So.3d [709] at 711, n. 1 [ (Ala.Crim.App.2014) ] (“We note that in resentencing Mewborn the circuit court may not impose a sentence greater than [the original sentence] because doing so ‘would be a violation of [Mewbom’s] rights under the Equal Protection Clause of the 14th Amendment to the Constitution of the United States.’ Ex parte Tice, 475 So.2d 590, 592 (Ala.1984)(citing Rice v. Simpson, 274 F.Supp. 116 (M.D.Ala.1967).”)).’
“Therefore, the State would respectfully ask this Honorable Court, insomuch that if the Court finds that Petitioner’s sentence is illegal, to,set aside the sentence and to resentence the Petitioner in accordance with the law.”
(C. 42.) ■

Circuit Court’s Order

After an evidentiary hearing the circuit court issued the following order denying the petitioner relief.
“ORDER DENYING RELIEF AND APPOINTING APPELLATE COUNSEL
“This Court has reviewed the Petition, the State’s Response and the Addendum to the State’s Response and the Memorandum of Law filed on behalf of the Petitioner by his court appointed attorney, Ken Gomany. This Court also takes judicial notice of the court’s own files. The Court makes the following findings and orders:
“In July 2003 the Petitioner entered into a plea agreement with the State of Alabama. He was represented by counsel as was the State. Pursuant to the plea agreement and Section 15-18-8 of the Code of Alabama, 1975, this Court sentenced the Petitioner to 20 years split 2 years to serve in the [Department of Corrections] upon a plea of guilty to the charge of Robbery 1. The defendant served the custodial portion of his sentence and was released on probation. During the probationary portion of his sentence, 2007, the Petitioner was charged with a new Robbery 1 and this Court revoked his probationary sentence and put the balance of the sentence into effect. In 2008 he was convicted on the new Robbery 1, in another court, after a jury trial and sentenced to a 30-year sentence.
“In his Petition the defendant claims that the 20-year sentence, split 2 years to serve, was an illegal sentence, and, therefore, not only is the sentence void but the plea of guilty is void as well. This Court disagrees. The Alabama Supreme Court has held (Ex parte Michael McCormick, [932 So.2d 124, 132-33 (Ala.2005),] Ex parte James Hard, [932 So.2d 124, 132-33 (Ala.2005),] and Ex parte Joshua Pickett [, 932 So.2d 124, 132-33 (Ala.2005),]) that Section 15-18-8(c) of the Code of Alabama, 1975 does give a trial court the authority to suspend all or part of the minimum split sentence. While this Court acknowledges that its order did not clearly state that the Court was suspending the 3-year statutory minimum and placing only two years of a custodial sentence into effect, the outcome had the same benefit and the Petitioner suffered no additional penalty as a result.
*893 “However, even if the court’s order was in error and the sentence illegal as written omitting the appropriate language, this Court does not believe that the plea of guilty is null and void BECAUSE this Court, on the basis of the aforementioned cases, could immediately resen-tence the defendant to the agreed upon sentence, with the appropriate wording, and the Petitioner would suffer no penalty.
“Based on the above this Court finds that the Petition has no merit and is due to be denied.
“On February 3, 2015 a short hearing was held on this Petition. The Petitioner was present in Court with his attorney Een Gomany. The State of Alabama was represented by [Deputy District Attorney] Rob Drake. Court Reporter Julie Carter recorded the proceedings. The Petitioner was informed of his right to appeal the Court’s decision. He then asked for indigency status on appeal which this Court immediately granted. Mr. Gom-any asked to withdraw and that request was granted. This Court hereby appoints attorney Jennifer Lacey to represent the defendant on appeal. Also, a transcript of the proceedings is to be provided to him at no cost.
“DONE this 4th day of February, 2015.”
(C. 14-15.)

Standard of Review

“The burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State.” Davis v. State, 9 So.3d 514, 519 (Ala.Crim.App.2006), rev’d on other grounds, 9 So.3d 537 (Ala.2007). “[I]n a Rule 32, Ala. R.Crim. P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.” Wilson v. State, 644 So.2d 1326, 1328 (Ala.Crim.App.1994). Rule 32.3, Ala. R.Crim. P., specifically provides that “[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” “[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, ‘[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.’” Boyd v. State, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992)).

Discussion

On appeal, Williams reasserts the claim that he received an illegal sentence as a result of a plea agreement with the State and should be allowed to withdraw his plea of guilty.
Both parties and the court agree that Williams was sentenced in accordance with a plea agreement, which was accepted by the court, to a split sentence of 20 years’ imprisonment, including an order that Williams serve 2 years’ confinement in the custody of the Department of Corrections, with the balance of the sentence being suspended, followed by 5 years’ probation. Because the facts are undisputed, our review is de novo.
It is well settled that a facially valid challenge to the legality of a sentence presents a jurisdictional issue that can be raised at any time and is not subject to the procedural bars of Rule 32.2, Ala. R.Crim. P. See Barnes v. State, 708 So.2d 217, 219 (Ala.Crim.App.1997).
*894 Section 15-18-8, Ala.Code, 1975, reads, in pertinent part, as follows:
“(a) When a defendant is convicted of an offense, other than a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony and receives a-sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant, will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision .of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.
[[Image here]]
“(c) Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout that period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.”
A split sentence that imposes a period of confinement that is not provided for in § 15-18-8, Ala. Code, 1975, is an illegal sentence. The trial court had no jurisdiction to impose a split sentence which was illegal. See, e.g., Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003)(holding that trial court did not have jurisdiction to order that defendant serve only 26 months in confinement, because defendant had been given 20-year sentence.).
When an illegal sentence is imposed in accordance with a plea agreement the appellant’is entitled to withdraw his plea.
“Accordingly, we remand this case to the circuit court with instructions that that court set aside the split portion of the appellant’s sentence. Because the split sentence was a term of the appellant’s plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion.”
Morris v. State, 876 So.2d 1176, 1178 (Ala.Crim.App.2003).
In consolidated petitions for a writ of mandamus filed by three trial judges, as a result of opinions of this court holding that § 15-18-8(c) did not authorize a -sentencing court to suspend the three-year man *895 datory minimum term of confinement under § 15 — 18—8(a)(1), the Alabama Supreme Court first considered whether the sentence of Lartasha Gaines, who- pleaded guilty, without benefit of a plea agreement, to the offense of unlawful distribution of a controlled substance, received an illegal sentence. The trial judge sentenced her to 20 years in prison, and then split the sentence and ordered Gaines to serve 2 years in the state penitentiary and 2 years on probation. The Alabama Supreme Court determined that the sentence was illegal. See Ex parte McCormick, 932 So.2d 124, (Ala.2005).
In another of the consolidated eases, Joshua Brack Pickett pleaded guilty to burglary and was sentenced to 20 years’ imprisonment. The sentence was split, and Pickett was ordered to serve three years in prison to be followed by five years’ probation. Pickett later filed a motion to-reduce or shorten his sentence, which the trial judge granted over the district attorney’s objection. The judge suspended the remaining portion of Pickett’s three-year sentence and placed Pickett on probation -for five years. At the time the remainder of his sentence was suspended, Pickett had served only 13 months and 9 days in prison. The district attorney petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial judge to vacate his order suspending the balance of Pickett’s sentence. The district attorney argued that § 15-18-8(a)(1), as construed by the Court of Criminal Appeals in State v. Carries, 932 So.2d 118 (Ala.Crim.App.2004), required Pickett to serve a minimum of three years.
Applying the rules of statutory construction the Court held:
“We conclude, therefore, that the Court of Criminal Appeals erred in holding that the legislative history of the Act and the fact that the Act was inconsistent with § 15-22-50, Ala. Code 1975, require a departure from the plain language of § 15-18-8(c). Instead, it is rational to interpret the grant of authority in § 15-18-8(c) to trial courts ‘to suspend that portion of the minimum sentence that remains [under § 15-18-8(a) ] and place the defendant on probation’ as including the "authority to suspend the 3-year minimum term of confinement required by § 15-18-8(a)(l) for sentences of more than 15 years but not more than 20 years.”
Ex parte McCormick, 932 So.2d 124, 139 (Ala.2005).
In the absence of a plea agreement, when the length of a split sentence was within the statutory sentencing range, but the execution of the sentence was improper, i.e., an illegal split sentence was imposed, the trial court may résentence the offender by setting aside the illegal portion of the sentence, and imposing a legal sentence. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992). However, when the split sentence was the product of a plea agreement accepted by the court that called for an illegal sentence, i.e., the length of a split sentence was within the statutory sentencing range, but the execution of the sentence was improper, and, the illegal split sentence was imposed by thé court in accordance with the plea agreement, the offender may withdraw his plea of guilty.
“The 20-year sentence itself, i.e., 15 years’ imprisonment enhanced by an additional 5 years’ imprisonment pursuant to § 13A-12-250, was within the statutory sentencing range for the Class B felony of unlawful distribution of a controlled substance and was, therefore, a valid sentence. See § 13A-12-211(b) and § 13A-5-6(a)(2), Ala.Code 1975. ‘Only the manner in which the trial court *896 split the sentence is illegal.’ Austin [v. State], 864 So.2d [1115] at 1118 [ (Ala.Crim.App.2003) ].
“Therefore, we must remand this case for the circuit court to conduct another sentencing hearing and to reconsider the execution of Moore’s 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992). However, the court may either split the sentence in compliance with § 15-18-8, i.e., ordering no more than 5 years and no less than 3 years in confinement followed by a definite period of probation, or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence.
“As was the case in Austin, supra:
“ ‘We note, however, that the record in this case does not indicate whether Austin’s original sentence was part of a plea agreement with the State or whether it was a blind plea. A transcript of the guilty-plea colloquy is not in the record, Austin did not allege in his petition whether his guilty plea was pursuant to an agreement with the State, and neither the State’s response to Austin’s petition nor the circuit court’s order denying the petition indicate whether the plea was part of an agreement. Therefore, it is impossible for this Court to determine whether resentencing Austin will affect the voluntariness of his plea. As we noted in Calloway v. State, 860 So.2d 900 (Ala.Crim.App.2003)(opinion on return to remand and on second application for rehearing), an opinion released today:
““‘Rule 14.3(c)(2)(iv), Ala. R.Crim. P., provides that if a trial court rejects a plea agreement, it must ‘[a]fford the defendant the opportunity to withdraw the defendant’s offer to plead guilty.’ ‘The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant’s timely motion to withdraw the plea.’ Taylor v. State, 677 So.2d 1284, 1285 (Ala.Crim.App.1996). See also Ex parte Otinger, 493 So.2d 1362 (Ala.1986); Nelson v. State, 866 So.2d 594 (Ala.Crim.App.2002); Moore v. State, 719 So.2d 269 (Ala.Crim.App.1998); Clark v. State, 655 So.2d 50 (Ala.Crim.App.1995); and Brown v. State, 495 So.2d 729 (Ala.Crim.App.1986). The reasoning behind this is that ‘when a plea rests in any significant degree on a promise or agreement of the prosecutor ... so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled.’ Ex parte Otinger, 498 So.2d at 1364, citing Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (emphasis omitted [in Calloway ]).
“ ‘ “In this case, the trial court actually accepted the plea agreement and sentenced Calloway in accordance with that agreement. However, the sentence was illegal under § 15-18-8, which prohibits splitting a sentence in excess of 20 years. A trial court cannot accept a plea agreement that calls for an illegal sentence. This Court noticed the illegal sentence and remanded for resentencing. That re-sentencing was, in effect, a rejection of the plea agreement. It is clear from the transcript of the guilty-plea colloquy that the splitting of the 20-year base sentence in Calloway’s original sentence was a ‘part of the inducement or consideration’ for Calloway’s plea and that when he was resen-tenced in accordance with this Court’s instructions without the sentence being split, he did not receive what he *897 had been promised. Therefore, based on the authority cited above, Calloway should now be allowed to withdraw his plea.”
“ ‘860 So.2d at 906. If the circuit court determines on resentencing that splitting Austin’s sentence is no longer appropriate and that Austin should serve the full 20-year term, and if the original splitting of Austin’s sentence was a part of a plea agreement with the State, then resentencing would, in effect, be a rejection of the plea agreement. If that is indeed the case, then the circuit court should allow Austin to withdraw his guilty plea if he requests to do so.’
“864 So.2d at 1118-19. Similarly, here, we are unable to determine from the record whether Moore’s guilty plea was part of a plea agreement with the State. Therefore, the circuit court must also determine on remand if Moore’s plea was indeed a part of a plea agreement with the State. If the court determines on resentencing that splitting Moore’s sentence is no longer appropriate and that the original splitting of Moore’s sentence was a part of a plea agreement with the State, then resentencing would be a rejection of the plea agreement and the circuit court must allow Moore to withdraw his plea if Moore requests to do so.”
Moore v. State, 871 So.2d 106, 109-11 (Ala.Crim.App.2003).
It is clear that the sentence imposed on Williams was the product of a plea agreement accepted by the court that resulted in an illegal split sentence and must be set aside. The circuit court’s conclusion of law — that it could merely resentence Williams to a split sentence that comports with the requirement of § 15-18-8(a), Ala. Code 1975, and then immediately modify that sentence to reduce the confinement period to two years pursuant to § 15-18-8(c), Ala.Code 1975 — is not correct. Williams is entitled to have his guilty plea set aside.

Conclusion

Therefore, we reverse the judgment of conviction and remand the case to the trial court with directions to set aside Williams’s guilty plea and the resulting conviction and to restore the case to the docket for appropriate disposition.
REVERSED AND REMANDED.
BURKE and JOINER, JJ., concur. KELLUM, J., concurs in the result. WINDOM, P.J., dissents.