149 So. 351

MIDDLETON v. GENERAL WATER WORKS & ELECTRIC CORPORATION.

4 Div. 955.

Court of Appeals of Alabama.
May 16, 1933.

Rehearing Denied June 6, 1933.

See, also, 224 Ala. 268, 139 So. 273.

Stokely, Scrivner, Dominick & Smith and Basil A. Wood, all of Birmingham, for appellant.

A. R. Powell, of Andalusia, for appellee.

BRICKEN, Presiding Judge.

This appeal is from an order and judgment of the lower court in denying and overruling appellant's motion to retax certain item of costs in a proceeding wherein appellant here was plaintiff in the court below and appellee, defendant.

We do not accord to the insistence of appellee to the effect that the point of decision here involved is doubtful and uncertain. It appears clear to us that but one question is presented and a decision upon that question will be conclusive of this appeal.

The bill of exceptions recites: "On the hearing of said motion it was agreed that the only question involved was whether said item of clerk's costs covering the transcript to the Supreme Court and copies thereof should be taxed under section 7278 of the Code of Alabama, 1923, as contended by the Clerk or under sections 6102 and 6108 of the Code of Alabama, 1923, as contended by the plaintiff, it being agreed that if said item of costs was properly taxable under section 7278 of the Code, as contended by the Clerk, the item was correct and the motion should be overruled, but that if the costs should be properly taxed under sections 6102 and 6108 of the Code as contended by the plaintiff the amount which he had paid covering this item was correct and the motion should be granted."

It appears that the clerk of the court presented to the plaintiff a cost bill in the said cause, to all of the items of which the plaintiff agreed, except the item covering the preparation of the transcript on appeal to this court (the original and three copies thereof, one for the plaintiff, one for the defendant, and one to be kept on file in the office of the clerk), admitting at the same time that if said item of costs should properly be taxed under section 7278 of the Code of Alabama, 1923, the amount of the charge made by the clerk as shown by said cost bill was correct, but plaintiff contended that this item should be taxed under sections 6102 and 6108 of the Code of Alabama. 1923, and plaintiff paid said item under the provisions of said sections 6102 and 6108; leaving a balance now claimed by the clerk of the court of $76.25, if the costs were properly taxed under section 7278.

Plaintiff filed in said cause, within the time required by law, a written motion for the retaxation of said item of costs. The court, upon a hearing of said motion, overruled and denied said motion, and the plaintiff then and there in open court, duly excepted to such action of the court.

This appeal is from the action by the court upon such motion.

The sections above referred to pertain to the same subject and are in conflict. They were brought forward into the Code 1923. The statute passed and approved February 15, 1919, Gen. Acts of Ala. 1919, p. 84 (section 2), was brought forward as section 6102. The latter statute, approved September 30, 1919, General Acts of Alabama 1919, p. 884, was brought forward in the 1923 Code as section 7278 thereof. There is no field of operation for both of these statutes because of the manifest and patent conflict. Where this is true, it becomes necessary to ascertain the legislative intent, and all particular rules for the construction of such provisions must be regarded as subservient to this end. The well-settled principle is that the last expression of the legislative will is the law in case of conflicting provisions of the statute on the same subject, and the last enacted in point of time prevails. We are, therefore, of the opinion that the item of cost in controversy was properly taxed by the clerk under section 7278 of the Code 1923, and that the court committed no error in this connection. It follows that the judgment appealed from must be affirmed.

Affirmed.