PER CURIAM.
The district attorney for the Tenth Judicial Circuit filed this petition for a writ of mandamus directing Judge Clyde E. Jones to vacate his December 13, 2004, order granting Joshua Brack Pickett’s motion to reduce the incarceration portion of his split sentence.
On September 23, 2003, Pickett pleaded guilty to burglary in the first degree. On November 7, 2003, he was sentenced to 20 years in the State penitentiary; that sentence was split, and he was ordered to serve 3 years in prison. On November 19, 2004, Pickett filed a motion to reduce or shorten his three-year prison sentence. The district attorney objected. On December 13, 2004, Judge Jones granted Pickett’s motion and suspended the remaining portion of Pickett’s three-year sentence and placed him on probation for five years. When Judge Jones granted Pickett’s motion, Pickett had served 13 months and 9 days of his 3-year prison sentence. The district attorney then filed this mandamus petition requesting that we direct Judge Jones to vacate his December 13, 2004, order. The district attorney also moved that we stay enforcement of the order effectively releasing Pickett until we dispose of this mandamus petition.
The district attorney argues that “the trial court’s December 13, 2004, order releasing Pickett from incarceration only after thirteen months and nine days is an illegal sentence and is outside the statutorily authorized minimum term of confinement of three years.” (State’s brief at page 6.) He cites this Court’s opinion in State v. Gaines, [Ms. CR-03-1201, July 16, 2004] — So.2d -(Ala.Crim.App.2004), in support of this contention. The district attorney contends that there is no authority in the Split Sentence Act, § 15-18-8, Ala.Code 1975 (“the Act”), for a trial court to suspend the mandatory minimum three- *757 year term of imprisonment for a 20-year split sentence.
Pickett argues that mandamus review is not appropriate in this case because, he says, Judge Jones’s sentence was legal. He argues, “A review of the clear and plain language of Ala.Code [1975,] § 15-18-8(c), shows that the trial court did, in fact, have the jurisdiction and authority and the discretion to suspend Pickett’s sentence.” (Pickett’s brief at pages 12-13.) He further argues that our decision in Gaines does not control the outcome of this case because, he says, the question presented to the Court in Gaines was whether the sentence imposed there was illegal, not whether the circuit court had authority to suspend any period of incarceration.
In State v. Gaines, Gaines pleaded guilty to the unlawful possession of a controlled substance. Judge Michael McCormick sentenced him to 20 years; Judge McCormick split the sentence and ordered the defendant to serve two years in the state penitentiary and two years on probation. The district attorney filed a petition for a writ of mandamus, arguing that the sentence was not authorized under the Act. Section 15-18-8, Ala.Code 1975, states:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.
[[Image here]]
“(c) Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provision of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.”
(Emphasis added.[1])
In Gaines, the sentencing court maintained that it had jurisdiction to suspend *758 any portion of the 20-year split sentence based on the authority granted to it by § 15-18-8(c), Ala.Code 1975. To address the merits of the circuit court’s argument, the majority in Gaines examined the legislative history of the Act. In Gaines, the majority held:
“After evaluating the 2000 amendment and the existing law we are confident that the Legislature intended that a trial court have no discretion as to the minimum confinement imposed when that court imposes a sentence greater than 15 but not more than 20 years. The clear wording of the 2000 amendment, ‘but not less than three years’ establishes a mandatory minimum term of confinement. It would be contrary to the legislative intent in setting a mandatory minimum term of imprisonment if that mandatory term could then be suspended.”
— So.2d at -. We issued the writ in Gaines and instructed the circuit court to set aside Gaines’s sentence of two years’ imprisonment and to sentence Gaines according to the terms of the Act. (Judge Shaw concurred in the result in Gaines and wrote that it was not necessary for the majority to analyze the legislative intent behind the Act when the clear wording of the Act showed that the execution of Gaines’s sentence was illegal.) A similar petition for a writ of mandamus was then filed in the Alabama Supreme Court. See Ex parte McCormick (Appeal no. 1031657). That ease was submitted to the Supreme Court on briefs on October 12, 2004. The Supreme Court has yet to issue a ruling in that case.
Judge Shaw, in a dissenting opinion, maintains that the majority’s language quoted above from Gaines was dicta. We do not agree. We considered the legislative history in Gaines in order to address the propriety of the circuit judges’s argument that he had the authority to suspend any portion of a 20-year split sentence.
Judge Shaw in his dissent also concludes that § 15-18-8(c), Ala.Code 1975, takes precedence over the later enacted portion of § 15-18-8(a)(l), AIa.Code 1975, and § 15-22-50, Ala.Code 1975, and allows a circuit court to suspend any portion of a 20-year split sentence. As we stated in Gaines:
“The 2000 amendment, which limits a trial judge’s discretion when the sentence is longer than 15 years, but less than 20 is inconsistent with § 15-18-8(c) — a provision of the same statute added by a 1988 amendment, which allows a court to order probation on the entire minimum term of imprisonment. Both the 2000 amendment and § 15 — 18— 8(c) contain the phrase ‘notwithstanding any provision of law to the contrary.’ However, the 2000 amendment was enacted later in time and establishes a specific category of cases whose sentences are greater than 15 years, but not more than 20 years. ‘The well-settled principle is that the last expression of the legislative will is the law in case of conflicting provisions of the statute on the same subject, and the last enacted in point of time prevails.’ Middleton v. General Water Works & Elec. Corp., 25 Ala.App. 455, 456, 149 So. 351, 352 (1933). See also Williams v. State ex rel. Schwarz, 197 Ala. 40, 54, 72 So. 330, 336 (1916).
“After evaluating the 2000 amendment and existing law we are confident that the Legislature intended that a trial court have no discretion as to the minimum confinement imposed when that court imposes a sentence greater than 15 but not more than 20 years. The clear wording of the 2000 amendment, ‘but not less than three years’ establishes a mandatory minimum term of *759 confinement. It would be contrary to the legislative intent in setting a mandatory minimum term of imprisonment if that mandatory term could then be suspended. Indeed, if Gaines’s interpretation is correct then we question why the Legislature declined to amend § 15-22-50 to increase the length of the sentence for which a court could consider probation. Gaines’s interpretation would also allow the circuit court to order probation on a 20-year sentence when § 15-22-50, Ala.Code 1975, grants a court authority to order probation only on sentences that do not exceed 15 years. ‘It is an ingrained principle of statutory construction that ‘[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute. Ex parte Louisville & N.R.R., 398 So.2d 291, 296 (Ala.1981).” ’ Ex parte Fontaine Trailer Co., 854 So.2d 71, 83 (Ala.2003), quoting Carson v. City of Prichard, 709 So.2d 1199, 1206 (Ala.1998).
“In 1985, when the Legislature amended the Act to increase the length of the sentence that was eligible for split-sentence consideration it merely changed the 10-year term to 15 years. It made no other substantive changes. The Legislature could have made a similar change in 2000, but it chose instead to make substantive changes to the Act. Clearly, the Legislature expanded the application of the Act but chose to set harsher split-sentence terms for those individuals with longer sentences. Any other interpretation would render the 2000 amendment devoid of any field of operation and utterly meaningless.”
— So.2d at - (footnote omitted).
We, unlike Judge Shaw, also believe that it is significant that the legislature, when it made substantive changes to the Act in 2000, chose not to amend § 15-22-50, Ala. Code 1975, to increase the jurisdiction of a sentencing court to suspend a term of imprisonment. Section 15-22-50, Ala.Code 1975, reads:
“Circuit courts and district courts, subject to the provisions and conditions hereinafter provided, may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person ivho has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years. Except as provided in the preceding sentence, the court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation.”
(Emphasis added.) In 1985 when the sentence eligible for consideration under the Act was increased form 10 years to 15 years, § 15-22-50, Ala.Code 1975, was correspondingly amended to increase from 10 years to 15 years the sentence a sentencing court could suspend. According to § 15-22-50, Ala.Code 1975, as it currently reads, a sentencing court has no “power” to suspend any portion of a sentence that exceeds 15 years.
The majority’s rationale in Gaines is also consistent with traditional Alabama law that a defendant who has been sentenced to a term of imprisonment greater than 15 years is not entitled to receive deductions from his sentence as are offenders who receive less harsher sentences. See § 14-9-41(e), Ala.Code 1975 (a defendant sentenced to 15 years or *760 more may not receive any good time deductions).[2]
We affirm our holding in Gaines and state that a sentencing court has no authority to suspend the mandatory three-year term of imprisonment for a defendant sentenced to 20 years under the Split Sentence Act. Judge Jones had no authority to suspend any portion of Pickett’s mandatory three-year term of imprisonment. Therefore, this writ is due to issue, and Judge Jones is directed to set aside his December 13, 2004, order.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur; SHAW, J., dissents, with opinion.

. The emphasized portion of the Act was added by a 2000 amendment.

. The Alabama Correctional Incentive Time Act was passed in 1980 and originally provided for good-time deductions from a sentence for offenders sentenced to 10 years or less. That Act was amended in 1991 to provide for good-time deductions from a term of imprisonment, for all inmates except Class A felons, whose sentences do not exceed 15 years.