SMITH, Justice.[1]
In these three petitions for writs of mandamus, which have been consolidated for purposes of issuing one opinion, we are called upon to construe the legislature’s 2000 amendment to Alabama’s Split-Sentence Act, § 15-18-8, Ala.Code 1975, (“the 2000 amendment”). The Court of Criminal Appeals held in each action that in splitting the sentence of a defendant who has received a sentence of more than 15 *126 years but not more than 20 years, a trial court must sentence the defendant to a mandatory minimum of 3 years of actual confinement and may not suspend any portion of that mandatory minimum term. For the reasons set forth below, we agree with the Court of Criminal Appeals that the 2000 amendment requires a mandatory minimum sentence of 3 years’ confinement when a trial court, acting under § 15-18-8(a)(1), “splits” the sentence of a defendant who has received a sentence of more than 15 years but not more 20 years. But we hold — as § 15-18-8(c) provides — that a trial court in those circumstances “shall retain jurisdiction and authority ... to suspend that portion of the minimum sentence that remains and place the defendant on probation.” § 15-18-8(c), Ala.Code 1975.

Facts and Procedural Histoi-y

Case no. 1031657

Lartasha Gaines pleaded guilty, without benefit of a plea agreement, to the offense of unlawful distribution of a controlled substance.[2] Judge Michael W. McCormick sentenced Gaines to 20 years in prison.[3] Judge McCormick then split the sentence and ordered Gaines to serve two years in the state penitentiary and two years on probation.
The district attorney for the Tenth Judicial Circuit petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge McCormick to resentence Gaines. The Court of Criminal Appeals agreed with the district attorney’s argument that Judge McCormick’s imposition of a two-year sentence of imprisonment for Gaines was not authorized by § 15-18-8, Ala.Code 1975. State v. Gaines, 932 So.2d 118 (Ala.Crim.App.2004). The court recognized that the 2000 amendment authorized Judge McCormick to split Gaines’s sentence of 20 years. But the court held that § 15-18-8(a)(l) required Judge McCormick to sentence Gaines to a minimum of three years of actual “confine[ment] in a prison, jail-type institution!;,] or treatment institution,” see § 15-18-8(a)(1), Ala.Code 1975, and further held that Judge McCormick had no authority to suspend this “mandatory minimum term of confinement.” Gaines, 932 So.2d at 122. Accordingly, the Court of Criminal Appeals issued a writ of mandamus directing Judge McCormick to resentence Gaines. Judge McCormick then filed a petition for writ of mandamus in this Court asking us to direct the Court of Criminal Appeals to vacate its writ.

Case no. 1031695

Ronald Ray Rice pleaded guilty, without benefit of a plea agreement, to trafficking in marijuana.[4] Judge James H. Hard IV ordered Rice to serve 20 years in prison for the trafficking offense.[5] Judge Hard then suspended the entire sentence and placed Rice on probation for two years.
Five days later, after the district attorney’s office indicated that it would seek a writ of mandamus, Judge Hard declared *127 the sentence a nullity and resentenced Rice to serve three years in prison. Judge Hard then suspended the entire sentence and placed Rice on probation for two years.
The district attorney petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge Hard to resen-tence Rice. In an unpublished order, the Court of Criminal Appeals granted the State’s petition and issued the writ directing Judge Hard to “resentence Rice pursuant to this Court’s instructions in Gaines.” State v. Rice (No. CR-03-1348, July 22, 2004), 920 So.2d 616 (Ala.Crim.App.2004) (table). Judge Hard then filed a petition for the writ of mandamus in this Court asking us to direct the Court of Criminal Appeals to vacate its writ.

Case No. 104.1133

Joshua Brack Pickett pleaded guilty on September 23, 2003, to burglary.[6] On November 7, 2003, Judge Clyde E. Jones sentenced Pickett to 20 years’ imprisonment. The sentence was split — Pickett was ordered to serve three years in prison to be followed by five years’ probation. On November 19, 2004, Pickett filed a motion to reduce or shorten his sentence, which Judge Jones granted over the district attorney’s objection. Judge Jones suspended the remaining portion of Pickett’s three-year sentence and placed Pickett on probation for five years.
Because at the time the remainder of his sentence was suspended Pickett had served only 13 months and 9 days in prison, the district attorney petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge Jones to vacate his order suspending the balance of Pickett’s sentence. The district attorney argued that § 15 — 18—8(a)(1), Ala.Code 1975, as construed by the Court of Criminal Appeals in Gaines, required Pickett to serve a minimum of three years. The Court of Criminal Appeals agreed and issued the writ. State v. Pickett, 911 So.2d 755 (Ala.Crim.App.2005). Pickett then filed a petition for a writ of mandamus in this Court, asking us to direct the Court of Criminal Appeals to withdraw its writ of mandamus issued to Judge Jones and to enter an order denying the district attorney’s petition.
Judge McCormick and Judge Hard seek de novo review in this Court under Rule 21(e), Ala. RApp. P. Their petitions have been consolidated with that of Pickett.

Standard of Review

Our review of a decision of the Court of Criminal Appeals on an original petition for a writ of mandamus is de novo. Rule 21(e)(1), Ala. R.App. P.; Ex parte Sharp, 893 So.2d 571, 573 (Ala.2003). The standard for issuance of a writ of mandamus is well settled:
“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; *128 and (4) the properly invoked jurisdiction of the court.”
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001) (citing Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000)).

Analysis

Resolution of these petitions requires us to construe Alabama’s Split-Sentence Act, § 15-18-8, Ala.Code 1975 (“the Act”), which authorizes a trial court to “split” a defendant’s sentence under certain circumstances. The version of the Act applicable in these three cases[7] provides, in relevant part:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.
“(2) That the convicted defendant may be confined, upon consultation with the Commissioner of the Alabama Department of Corrections (hereinafter called department) in a disciplinary, rehabilitation, conservation camp program (hereinafter called program) of the department. The convicted defendant shall be received into the department in accordance with applicable department rules and regulations and may be placed in the program after completion of this initial reception. The program shall be not less than 90 days nor more than 180 days in duration and shall be operated in accordance with department rules and regulations and as otherwise provided for by law. The commissioner of the department or his or her designee shall report to the sentencing court of each convicted defendant whether or not the convicted defendant completes or does not complete the program with any additional information that the commissioner or his or her designee shall wish to provide *129 the court. Upon receipt of this report, the sentencing court may, upon its own order, suspend the remainder of the sentence and place the convicted defendant on probation as provided herein or order the convicted defendant to be confined to a prison, jail-type institution, or treatment institution for a period not to exceed three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best. If the sentencing court imposes additional confinement, as outlined above, credit shall be given for the actual time spent by the convicted defendant in the program. Conviction of an offense or prior offense of murder, rape first degree, kidnapping first degree, sodomy first degree, enticing a child to enter vehicle, house, etc., for immoral purposes, arson first degree, robbery first degree, and sentencing of life without parole will not be eligible for this program. It shall be the duty of the joint prison committee as established by Sections 29-2-20 to 29-2-22, inclusive, to annually review the operation of the program and report their findings to the Alabama Legislature.
“(b) Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
“(c) Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.
[[Image here]]
“(g) No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to parole or to deductions from his or her sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period.”
§ 15-18-8, Ala.Code 1975.
Judge McCormick, Judge Hard, and Pickett argue that § 15-18-8(c) grants a sentencing court the authority to suspend the minimum sentence of confinement imposed under § 15-18-8(a) upon a defendant who has received a sentence of 20 years or less and to place the defendant on probation. The district attorney agrees that in cases where a defendant’s sentence is 15 years or less, § 15-18-8(c) gives trial courts the authority to suspend the defendant’s minimum sentence of confinement and to place the defendant on probation. The district attorney argues, however, that § 15-18-8(e) has no applicability to defendants whose sentences are greater than 15 years but not more than 20 years. Instead, the district attorney maintains that § 15-18-8(a)(l) requires defendants with *130 sentences of more than 15 but not more than 20 years to serve a “mandatory minimum” term of at least 3 years’ confinement and that a sentencing judge has no authority to suspend that 3-year mandatory minimum term. In each of these three cases, the Court of Criminal Appeals agreed with the district attorney.
/.
In Gaines, the Court of Criminal Appeals began its analysis by discussing the legislative history of the Act. The court noted:
“Section 15-18-8, Ala.Code 1975, commonly referred to as the Split Sentence Act (‘the Act’), was enacted in 1976. The original version of the Act allowed a trial court to split a sentence if the sentence did not exceed 10 years. The length of sentence eligible for split-sentence consideration was increased to 15 years in 1985 and to 20 years in 2000. See Act No. 85-905, Ala. Acts 1985, and Act No. 2000-759, Ala. Acts 2000. When the sentence eligible for split-sentence consideration was increased in 1985, the Legislature also amended § 15-22-50, Ala.Code 1975 — which grants a court the authority to order probation for any sentence that does not exceed 15 years. However, the Legislature did not amend § 15-22-50, Ala. Code 1975, in 2000 when it increased the eligible sentence under the Act to 20 years and that statute still provides that a court may order probation only for a sentence that does not exceed 15 years.”
Gaines, 932 So.2d at 121.
The Court of Criminal Appeals then discussed § 15 — 18—8(a)(1) and § 15-18-8(c) of the Act. The court rejected Judge McCormick’s argument that § 15-18-8(c) authorized his splitting and suspending Gaines’s 20-year sentence. Although both § 15-18 — 8(a)(1) and § 15-18-8(c) contain the phrase “notwithstanding any provision of law to the contrary,” the court concluded that § 15-18-8(c) was subordinate to the requirement in § 15-18-8(a)(l) that sentencing courts order defendants with sentences of more than 15 years but not more than 20 years to serve a minimum of 3 years’ confinement. The court reasoned that § 15 — 18—8(a)(1) prevailed over § 15-18 — 8(c) because the relevant provisions in § 15 — 18—8(a)(1) were added by the 2000 amendment, whereas § 15-18-8(c) had been added to the Act in 1988. Gaines, 932 So.2d at 122 (“ ‘The well-settled principle is that the last expression of the legislative will is the law in case of conflicting provisions of the statute on the same subject, and the last enacted in point of time prevails.’ ”) (quoting Middleton v. General Water Works & Elec. Corp., 25 Ala.App. 455, 456, 149 So. 351, 352 (1933)).
The Court of Criminal Appeals also discussed § 15-22-50, Ala.Code 1975, which authorizes a trial court to order probation for any sentence of less than 15 years. The court noted that in 1985, when the legislature amended § 15-18-8 to increase the sentences eligible for split-sentence consideration from those not exceeding 10 years to those not exceeding 15 years, the legislature also amended § 15-22-50 to increase the sentences eligible for probation from those not exceeding 10 years to those not exceeding 15 years. But in 2000, when the legislature amended § 15-18-8 to increase split-sentence eligibility to those sentences not exceeding 20 years, the legislature did not likewise amend § 15-22-50 to increase the sentences eligible for probation to include sentences of not more than 20 years. In the Court of Criminal Appeals’ view, the legislature’s failure to so amend § 15-22-50 supported the court’s determination that § 15-18-8(a)(l) requires a trial court that splits a defendant’s 20-year sentence to order that the *131 defendant serve a minimum of 3 years’ confinement.
Judge Shaw concurred in the result in Gaines; he agreed that Gaines’s sentence was illegal because it was less than the three-year minimum required by § 15-18-8(a)(1), Ala.Code 1975, and by Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003), and Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003). But because Judge McCormick had not suspended Gaines’s entire sentence, Judge Shaw thought that it was unnecessary for the Court of Criminal Appeals to determine whether a trial court has the authority to suspend an entire 20-year sentence and place the defendant on probation. In Judge Shaw’s view, the question presented in Gaines was “whether the Legislature intended to authorize a trial court to split a 20-year sentence and then suspend a part of the incarceration portion of that sentence.” 932 So.2d at 124 (Shaw, J., concurring in the result). Judge Shaw concluded that under § 15 — 18—8(c), trial courts do not have “the authority to suspend a part of the incarceration portion of a split sentence.” 932 So.2d at 124 (Shaw, J., concurring in the result).
In Rice, decided less than a week after Gaines, the Court of Criminal Appeals, in an unpublished order, directed Judge Hard to resentence Rice in accordance with its decision in Games.[8]
In Pickett, the Court of Criminal Appeals again adhered to its decision and reasoning in Gaines. Pickett argued that the Court of Criminal Appeals’ decision in Gaines was not controlling in his case because “the question presented to the Court in Gaines was whether the sentence imposed there was illegal, not whether the circuit court had authority to suspend any period of incarceration.” 911 So.2d at 757. In contrast to Judge McCormick’s two-year sentence of imprisonment in Gaines, Judge Jones had sentenced Pickett to serve three years in prison. Thus, Pickett argued that his sentence was a legal sentence because it complied with the three-year minimum sentence requirement of § 15-18-8(a)(l) and that Judge Jones therefore had authority to suspend Pickett’s sentence under § 15-18-8(c). Pickett, 911 So.2d at 756-57.
The Court of Criminal Appeals rejected Pickett’s arguments. The court insisted that its consideration of the legislative history of the Act in Gaines was not dicta because, the court reasoned, it was necessary to address Judge McCormick’s argument that § 15-18-8(c) gave him the authority to suspend any portion of a 20-year split sentence. The court maintained, as it had in Gaines, that allowing a sentencing court to suspend the minimum period of confinement contemplated by § 15 — 18— 8(a)(1) for a 20-year split sentence would be improper because doing so would mean that § 15-18-8(c) “takes precedence over the later enacted portion of § 15 — 18— 8(a)(1), Ala.Code 1975, and § 15-22-50, Ala.Code 1975.” The court also emphasized in Pickett, as it had in Gaines, the legislature’s failure to amend, when it amended § 15-18-8 to increase to 20 years those sentences eligible to be split, § 15-22-50 to allow probation on sentences not exceeding 20 years. The court concluded “that a sentencing court has no authority to suspend the mandatory three-year term of imprisonment for a defendant sentenced to 20 years under the Split-Sentence Act.” Pickett, 911 So.2d at 760.
Judge Shaw dissented from the Court of Criminal Appeals’ decision in Pickett. According to Judge Shaw’s dissent, § 15-18-8(c) clearly authorized Judge Jones to sus *132 pend Pickett’s sentence. For reasons we will now discuss, we agree with the reasoning in Judge Shaw’s special writing concurring in the result in Gaines and his dissent in Pickett.

II.

In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there. Ex parte Moore, 880 So.2d 1131, 1140 (Ala.2003) (“ ‘ “The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.” ’ ”) (quoting Ex parte Weaver, 871 So.2d 820, 823 (Ala.2003), quoting in turn Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996)). This Court in De-Kalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998), explained:
“In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“ ‘ “Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’ ”
729 So.2d at 275-76 (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), additional citations omitted). See also 729 So.2d at 276 (explaining that the separation-of-powers doctrine requires a court to use the plain-meaning rule in construing a statute and that “only if there is no rational way to interpret the words as stated will [a court] look beyond those words to determine legislative intent”).
Applying the plain-meaning rule to § 15-18-8, we note first that the Court of Criminal Appeals in Gaines correctly determined that Judge McCormick had no authority to split Gaines’s 20-year sentence by ordering Gaines to serve only 2 years in confinement with 2 years’ probation to follow. Clearly, Gaines’s 20-year sentence was eligible for split-sentence consideration under § 15-18-8(a). § 15-18-8(a), Ala.Code 1975 (“When a defendant is convicted of an offense and receives a sentence of 20 years or less....”). But § 15-18-8(a)(l)[9] required Judge McCormick to sentence Gaines to serve a minimum of three years’ confinement. § 15-18-8(a)(l), Ala.Code 1975 (“In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years.... ”). Judge McCormick’s attempt to split Gaines’s sentence therefore resulted in an illegal sentence, and the Court of Criminal Appeals was correct in directing Judge McCormick to resentence Gaines.
The Court of Criminal Appeals erred, however, in holding that a sentencing court has no authority to suspend the three-year “mandatory minimum” term of confinement under § 15-18-8(a)(l). Section 15-18-8(c) provides:
*133 “Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.”
§ 15-18-8(c), Ala.Code 1975 (emphasis added). Nothing in § 15-18-8(c) suggests that the phrases “the minimum period of confinement ordered under the provisions of subsection (a)” and “the minimum sentence” do not include the 3-year minimum period of confinement required when a defendant’s 20-year sentence is split under § 15-18-8(a)(l). Thus, § 15-18-8(c) plainly authorizes a trial court to suspend “the minimum sentence” required to be imposed by § 15 — 18—8(a), including “the minimum period of confinement” that § 15-18-8(a)(l) requires for sentences greater than 15 years but not more than 20 years.
This conclusion is consistent with an opinion issued by the attorney general. Responding in 2002 to an inquiry by the district attorney for the Tenth Judicial Circuit, the attorney general stated:
“Subsection (c) of the act was not changed by the May 25, 2000, amendment, and its effect, therefore, remains the same. Prior to the amendment— and continuing after the amendment— subsection (c) permitted a trial judge to probate the entire sentence. Despite the appearance in subsection (a)(1) that a trial judge’s discretion to probate the sentence is limited in that he cannot probate the first three years of a 20-year sentence, section (c) clearly states that the trial judge retains jurisdiction and authority - throughout the entire period of minimum confinement ‘to suspend that portión of the minimum sentence that remains and place the defendant on probation’ and that he can do so ‘[rjegardless of whether the defendant has begun serving the minimum period of confinement ordered.’ Id. The limitations the Legislature placed on a trial judge’s discretion in subsection (a)(1), it repealed in subsection (c) of the same Act.”
Op. Att’y Gen. No. 2002-196 (April 1, 2002).[10]
The Court of Criminal Appeals in Gaines rejected the construction of § 15-18-8(c) given in the attorney general’s opinion. Gaines, 932 So.2d at 120 & n. 4. The court concluded that an interpretation of § 15-18-8 that allowed a sentencing court to suspend the three-year “mandatory minimum” in § 15-18-8(a)(l) would render § 15-18-8(a)(l) “devoid of any field of operation and utterly meaningless.” 932 So.2d at 123 (footnote omitted). Thus, the Court of Criminal Appeals reasoned that § 15-18-8(e) was “inconsistent with” the 3-year minimum period of confinement in § 15-18-8(a)(l) for sentences of more than 15 years but not more than 20 years. Because the latter provision was added by the 2000 amendment and because the Court of Criminal Appeals held that the provision applied “notwithstanding any provision of the law to the contrary,” the court concluded that the 3-year minimum *134 term of confinement in § 15-18-8(a)(l) for sentences of more than 15 years but not more than 20 years prevailed over § 15-18 — 8(c), which the legislature added to the Act by an amendment in 1988. Gaines, 932 So.2d at 122.
The Court of Criminal Appeals’ reasoning in this regard is not without merit. Indeed, § 15-18-8(c) appears to be inconsistent with § 15 — 18—8(a)(1) because § 15-18-8(c) authorizes a trial court to suspend what is seemingly the mandatory requirement of § 15 — 18—8(a)(1) that a defendant whose sentence is more than 15 years but not more than 20 years be ordered to serve a minimum of 3 years’ confinement. But as Judge Shaw explained in his dissent in Pickett:
“[T]he 2000 amendment to § 15-18-8(a)(1), which limits a trial court’s discretion when the sentence is more than 15 years but less than 20 years, [cannot] be argued to be any more facially inconsistent with § 15-18-8(c) than is that part of § 15-18-8(a)(l) that limits the trial court’s discretion when the sentence is not more than 15 years. In each instance a minimum period of confinement is contemplated, and in each instance § 15-18-8(c) authorizes the trial court ‘to suspend that portion of the minimum sentence that remains and place the defendant on probation.’ ”
Pickett, 911 So.2d at 761 (Shaw, J., dissenting). In other words, if § 15-18-8(c) is inconsistent with the part of § 15-18-8(a)(1) that requires a minimum sentence of confinement for a defendant whose sentence is more than 15 years but not more than 20 years, then § 15-18-8(c) is also inconsistent with the part of § 15 — 18— 8(a)(1) that requires a sentencing court to impose a minimum term of confinement on a defendant with a sentence of 15 years or less.
This “inconsistency” between § 15-18-8(e) and the whole of § 15-18-8(a)(l) becomes even more apparent if we follow the Court of Criminal Appeals’ construction of the phrase “notwithstanding any provision of the law to the contrary” in § 15-18-8(a)(1). As noted, the Court of Criminal Appeals relied on this phrase to support its holding that § 15-18-8(e) must yield to the 3-year minimum term of confinement in § 15-18-8(a)(l) for a defendant whose sentence is more than 15 years but not more 20 years. But the phrase “notwithstanding any provision of the law to the contrary” occurs twice in § 15-18-8(a)(l), and both instances were added by the 2000 amendment. Act No. 2000-759, Ala. Acts 2000; Act No. 88-163, Ala. Acts 1988. Section 15-18-8(a)(l) provides, in relevant part:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, ... and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.”
(Emphasis added.) If indeed the Court of Criminal Appeals’ construction of the phrase “notwithstanding any provision of *135 the law to the contrary” were correct, then the phrase would apply with equal force to the minimum term of confinement contemplated by § 15 — 18—8(a)(1) for sentences of not more than 15 years, and a sentencing court would have no authority — under § 15-18-8(c) or otherwise — to suspend the minimum sentence of a defendant whose sentence was 15 years or less.
We conclude, however, that the phrase “notwithstanding any provision of law to the contrary” does not apply to the phrases delineating the minimum terms of confinement under § 15 — 18—8(a)(1). Both instances of “notwithstanding any provision of the law to the contrary” are virtually identical in that they occur within the clause “and that ... the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best.” § 15 — 18—8(a)(1), Ala.Code 1975 (emphasis added). Grammatically, the phrase “notwithstanding any provision of the law to the contrary” does not modify those portions of § 15-18-8(a)(1) that require a sentencing court to impose a minimum term of confinement. Instead, the phrase “notwithstanding any provision of the law to the contrary” modifies the verb in the phrase that immediately precedes it in each instance, i.e., “the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary.” § 15-18-8(a)(l), Ala.Code 1975 (emphasis added). Thus, rather than requiring the imposition of a minimum term of confinement, the purpose and effect of the phrase “notwithstanding any provision of the law to the contrary” is to emphasize that a sentencing court is authorized to suspend the remainder of a defendant’s sentence. Consequently, we do not read § 15-18-8(c) as being inconsistent with § 15-18-8(a)(l).
In Gaines and Pickett, the Court of Criminal Appeals also interpreted the legislative history of the Act and the relationship of the Act with § 15-22-50, Ala.Code 1975, as supporting the conclusion that a sentencing court may not suspend the 3-year minimum period of confinement contemplated by § 15 — 18—8(a)(1) for sentences of more than 15 years but not more than 20 years. Pickett, 911 So.2d at 758; Gaines, 932 So.2d at 122. But our examination of the legislative history of the Act and its relationship with § 15-22-50 does not lead us to the same conclusion the Court of Criminal Appeals arrived at in Gaines and Pickett.
The original split-sentence act, enacted in 1976, allowed the splitting of sentences that did not exceed 10 years. Act No. 754, Ala. Acts 1976.[11] In 1985, the legislature amended the Act to make eligible for split-sentence consideration sentences of not more than 15 years. Act No. 85-905, Ala. Acts 1985.[12] The legislature, in Act No. *136 85-905, also amended § 15-22-50 to allow a trial court to order probation on a sentence of not more than 15 years.
The 1976 and 1985 versions of § 15-18-8 required trial courts seeking to split a defendant’s sentence to determine first that splitting the sentence would serve “the ends of justice and the best interest of the public as well as [that of] the defendant.” Act No. 85-905; Act No. 754, Ala. Acts 1976. Once it made that determination, the sentencing court could split the defendant’s sentence by imposing a minimum period of confinement “in a prison, jail-type institution[,] or treatment institution” [13] and ordering “that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best.” Act No. 85-905; Act No. 754.
The legislature next revised the Act in 1988. Section 15 — 18—8(a)(1) of the revised Act carried forward the provisions of the 1976 and 1985 Acts for imposition of a minimum period of confinement in a prison, jail-type institution, or treatment institution.[14] Two new provisions in the 1988 Act, however, gave trial courts additional split-sentencing options. The first new provision was § 15 — 18—8(a)(2), under which a trial court could order “that the convicted defendant ... be confined ... in a disciplinary, rehabilitation, conservation camp program ... of the department [of corrections]” for not less than 90 days or more than 180 days. Act No. 88-163, Ala. Acts 1988. The sentencing court could then either
“suspend the remainder of the sentence and place the convicted defendant on probation ... or, order the convicted defendant to be confined to a prison, jail-type institution or treatment institution for a period not to exceed three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms'as the court deems best.”
In the 2000 amendment, the legislature did not make any substantive alterations to § 15 — 18—8(a)(2).
A second new provision added in 1988 was § 15-18-8(e), which granted a trial court the authority throughout the minimum period of confinement to suspend whatever portion of the minimum confine *137 ment period remained. Like § 15 — 18— 8(a)(2), § 15-18-8(c) remained unchanged by the 2000 amendment.[15]
Thus, the amendments in both 1985 and 1988 increased the discretion of the sentencing court to evaluate the progress of a convicted defendant, which in turn provided the court with greater flexibility in sentencing. The 2000 amendment increased the sentences available for split-sentence consideration from 15 years to 20 years.
Unlike 1985, however, the legislature in 2000 did not correspondingly amend § 15-22-50 to increase the length of sentences eligible for probation from 15 years to 20 years, and the Court of Criminal Appeals in Gaines relied heavily on the legislature’s failure to so amend § 15-22-50. The court reasoned:
“The clear wording of the 2000 amendment, ‘but not less than three years,’ establishes a mandatory minimum term of confinement. It would be contrary to the legislative intent in setting a mandatory minimum term of imprisonment if that mandatory term could then be suspended. Indeed, if Gaines’s interpretation is correct then we question why the Legislature declined to amend § 15-22-50 to increase the length of the sentence for which a court could consider probation. Gaines’s interpretation would also allow the circuit court to order probation on a 20-year sentence when § 15-22-50, Ala.Code 1975, grants a court authority to order probation only on sentences that do not exceed 15 years....
“In 1985, when the Legislature amended the Act to increase the length of the sentence that was eligible for split-sentence consideration it merely changed the 10-year term to 15 years. It made no other substantive changes. The Legislature could have made a similar change in 2000, but it chose instead to make substantive changes to the Act. Clearly, the Legislature expanded the application of the Act but chose to set harsher split-sentence terms for those individuals with longer sentences. Any other interpretation would render the 2000 amendment devoid of any field of operation and utterly meaningless.[5]
Gaines, 932 So.2d at 122-23. We disagree, however, with the Court of Criminal Appeals’ conclusions regarding the effect of the 2000 amendment and the legislature’s failure in 2000 to amend § 15-22-50. Instead, as Judge Shaw noted in his dissent in Pickett:
“The legislature’s failure to amend § 15-22-50 in 2000 may, in actuality, have been an oversight, or it may have been intentional. I have no way of knowing. However, even if we assume that the legislature was cognizant of § 15-22-50 when it amended § 15-18-8 in 2000 and that it intentionally declined to amend § 15-22-50 at that time, we *138 should be careful not to read too much into that and necessarily conclude that the legislature did not intend for § 15-18-8 to mean what it clearly says.
“The majority acknowledges that the 2000 amendment to § 15-18-8(a)(l) clearly extended the authority of a trial court to suspend and probate a sentence greater than 15 years, notwithstanding the fact that there was no corresponding amendment to § 15-22-50 authorizing a court to do so. However, the majority holds that § 15-18-8(c) does not apply to the confinement portion of a split sentence greater than 15 years, but less than 20 years, because to so hold would be inconsistent with § 15-22-50, which grants a trial court authority to order probation only on sentences that do not exceed 15 years. To me, the 2000 amendment to § 15-18-8(a)(l) is no less clear in its expression of legislative intent with respect to a trial court’s authority to suspend and probate a sentence greater than 15 years than is § 15-18-8(c). As noted, it is just as inferable that the legislature intended for § 15-18-8(c) to provide the authority for suspending and probating the remainder of the confinement portion of a sentence greater than that contemplated by § 15-22-50.”
Pickett, 911 So.2d at 761 (Shaw, J., dissenting). As Judge Shaw explained, even under the Court of Criminal Appeals’ reasoning, § 15-18-8(a)(l) remains inconsistent with § 15-22-50 because § 15-18-8(a)(1) authorizes a trial court to suspend and probate a sentence of more than 15 years.[16]
Moreover, to the extent that § 15-18-8 conflicts with § 15-22-50, § 15-18-8 prevails because it is the more recent expres *139 sion of the legislature’s will. Middleton, 25 Ala.App. at 456, 149 So. at 352 (“The well-settled principle is that the last expression of the legislative will is the law in case of conflicting provisions of the statute on the same subject, and the last enacted in point of time prevails.”). See also Williams v. State ex rel. Schwarz, 197 Ala. 40, 54, 72 So. 330, 336 (1916). As noted, § 15-22-50 was most recently amended in 1985. But § 15-18-8(a)(l) was amended in 2000 and § 15-18-8(c) was added by an amendment in 1988. Thus, to the extent that either § 15-18-8(a)(l) or § 15-18-8(c) could be said to conflict with § 15-22-50, § 15-22-50 would have to yield to the more recently enacted provisions in § 15-18-8. Middleton, 25 Ala.App. at 456, 149 So. at 352.[17]
We conclude, therefore, that the Court of Criminal Appeals erred in holding that the legislative history of the Act and the fact that the Act was inconsistent with § 15-22-50, Aa.Code 1975, require a departure from the plain language of § 15-18-8(c). Instead, it is rational to interpret the grant of authority in § 15-18-8(c) to trial courts “to suspend that portion of the minimum sentence that remains [under § 15-18-8(a) ] and place the defendant on probation” as including the authority to suspend the 3-year minimum term of confinement required by § 15-18-8(a)(l) for sentences of more than 15 years but not more than 20 years. This interpretation is rational because, as Judge Shaw noted in his dissent in Pickett,
“the plain language of § 15-18-8 indicates that the legislature intended to vest a trial court with the discretion to evaluate the progress of a convicted defendant, whether pursuant to an ordinary split sentence or a ‘reverse split’[18] sentence, so as to provide trial courts with greater flexibility in sentencing and as a step toward alleviating the unnecessary overcrowding of our prisons.”
Pickett, 911 So.2d at 761 (Shaw, J., dissenting) (footnote omitted).
Because it is rational, then, to interpret § 15-18-8(c) to mean precisely what it says, we are obliged to enforce the Act as it is written. Justice Houston, writing for a majority of this Court in DeKalb County LP Gas Co., explained:
“It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers.”
729 So.2d at 276. Consequently, the Act authorized the actions of Judge Hard in case no. 1031695 and Judge Jones in case no. 1041133, and the Court of Criminal Appeals erred to the extent that it held otherwise.

Conclusion

Because Judge McCormick sentenced Gaines to a term of two years’ confine *140 ment, Judge McCormick’s petition for the writ of mandamus in Gaines (case no. 1031657) is denied in part; § 15-18-8(c) does not authorize him to sentence Gaines to less than the three-year minimum term of confinement required by § 15 — 18— 8(a)(1). To the extent, however, Judge McCormick asks us to direct the Court of Criminal Appeals to acknowledge his authority under § 15-18-8(c) to suspend the three-year minimum term of confinement required by § 15 — 18—8(a)(1), Judge McCormick’s petition is granted. The petitions in Rice (case no. 1031695) and Pickett (case no. 1041133) are granted. The Court of Criminal Appeals is directed to vacate its writ of mandamus to Judge Hard in Rice and its writ of mandamus to Judge Jones in Pickett.
1031657 — PETITION DENIED IN PART AND GRANTED IN PART; WRIT ISSUED.
1031695 — PETITION GRANTED; WRIT ISSUED.
1041133 — PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, BOLIN, and PARKER, JJ., concur.
STUART, J., concurs specially.

. Cases no. 1031657 and no. 1031695 were originally assigned to another Justice; they were reassigned to Justice Smith.

. Gaines also pleaded guilty to two other offenses, but the sentences imposed for those offenses are not challenged here.

. The sentence included a five-year enhancement under § 13A-12-250, Ala.Code 1975, and an additional five-year enhancement under § 13A-12-270, Ala.Code 1975.

. Rice also pleaded guilty to failure to affix the proper tax stamps. Judge Hard sentenced Rice to 10 years for that offense, to run concurrently with Rice’s sentence for trafficking. The State does not challenge the 10-year sentence for the failure-to-affix-tax-stamp conviction.

.Rice's 20-year sentence included 5-year enhancements under both § 13A-12-250 and § 13A-12-270, Ala.Code 1975.

. There is some dispute as to whether Pickett’s guilty plea was the result of an agreement between Pickett and the district attorney. Pickett claims that he offered to plead guilty if the original indictment — which charged that Pickett, while armed with a pistol, knowingly and unlawfully entered a dwelling with the intent to commit the crime of theft — was amended to charge instead that Pickett, while armed with a pistol, knowingly and unlawfully entered a dwelling with the intent to possess a controlled substance. The district attorney resists Pickett’s charge that there was a plea agreement, claiming instead that Pickett entered a "blind” plea. In any event, the parties concur that there was no agreement as to a sentence.

. The legislature recently amended § 15-18-8. Act No. 2005-301, Ala. Acts 2005. Among other things, the 2005 amendment to the Act — which would not change the result in these cases — excludes from consideration for split sentences those defendants who have been convicted of "a criminal sex offense involving a child as defined in Section 15-20-21 (5)[, Ala.Code 1975.]”

. Judge Shaw also concurred in the result in Rice.

. We presume that Judge McCormick attempted to split Gaines's sentence under § 15—IS—8(a)(1) because Judge McCormick did not sentence Gaines to "a disciplinary, rehabilitation, conservation camp program” as would be required to split a 20-year sentence under § 15-18-8(a)(2). See infra note 16.

. We find the attorney general's opinion persuasive. See Water Works & Sewer Bd. of City of Talladega v. Consolidated Publ'g, Inc., 892 So.2d 859, 866 n. 5 (Ala.2004) (" 'While an opinion of the attorney general is not binding, it can constitute persuasive authority.'") (quoting Alabama-Tennessee Natural Gas Co. v. Southern Natural Gas Co., 694 So.2d 1344, 1346 (Ala.1997)).

. Act No. 754, Ala. Acts 1976, provided, in relevant part:
"When a defendant is convicted of an offense and receives a sentence of ten years or less, in any court having jurisdiction to try offenses against the State of Alabama, and the judge presiding over the case is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, he may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding one year and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best."

. Act No. 85-905, Ala. Acts 1985, provided, in relevant part:
"(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the state of Alabama *136 and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order that the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best.”

. Act No. 754, Ala. Acts 1976, limited the minimum period of confinement to one year ("for a period not exceeding one year”); Act No. 85-905 increased the minimum period to three years ("for a period not exceeding three years”).

. The portion of the 1988 Act codified at § 15-18-8(a), Ala.Code 1975, provided, in relevant part:
"(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the state of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
"(1) that the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best....”
Act No. 88-163, Ala. Acts 1988.

. The 1988 version of § 15-18-8(c) provided:
"(c) Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.”
Act No. 88-163, Ala. Acts 1988.

“5We note that this interpretation does not abrogate § 15-18-8(c), Ala. Code 1975, but allows it to maintain its viability as to those sentences that are for less than 15 years — the purpose for which that subsection was originally enacted in 1988.”

. Although a sentencing court's authority to split a defendant's 20-year sentence under § 15-18-8(a)(2) is not the issue before us, § 15 — 18—8(a)(2) is even more inconsistent with § 15-22-50 than is § 15-18-8(a)(l). The plain language of § 15-18-8(a) appears to give courts the option of splitting a defendant's 20-year sentence under either § 15 — 18— 8(a)(1) or § 15-18-8(a)(2). Section 15 — 18— 8(a)(2) specifically excludes some offenses from split-sentence consideration under that subsection, but no other language in § 15 — 18— 8 precludes 20-year sentences from eligibility for splitting under § 15-18-8(a)(2).
The fact that in some circumstances a sentencing court may split a 20-year sentence under § 15-18-8(a)(2) supports our conclusion that § 15-22-50 does not operate as an independent limit on a sentencing court's authority to split a defendant's sentence under § 15-18-8. Section 15-18-8(a)(2) clearly contemplates that some defendants with 20-year sentences may receive probation after having served no time in confinement in a prison, jail-type institution, or treatment institution. Section 15-18-8 (a)(2) provides for splitting a defendant's sentence by ordering
"[t]hat the convicted defendant ... be confined, upon consultation with the Commissioner of the Alabama Department of Corrections (hereinafter called department) in a disciplinary, rehabilitation, conservation camp program (hereinafter called program) of the department.... The program shall be not less than 90 days nor more than 180 days in duration. ... Upon receipt of [the] report [of the commissioner of the department stating, among other things, whether the defendant completed the program], the sentencing court may, upon its own order, suspend the remainder of the sentence and place the convicted defendant on probation as provided herein or order the convicted defendant to be confined to a prison, jail-type institution, or treatment institution for a period not to exceed three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best....”
§ 15-18-8(a)(2), Ala.Code 1975 (emphasis added). Thus, far from requiring a "mandatory minimum” term of 3 years in confinement, § 15-18-8(a)(2) contemplates that some defendants with sentences greater than 15 years but not more than 20 years may receive probation after having served as few as 90 days "in a disciplinary, rehabilitation, conservation camp program.”

. Furthermore, when the legislature amended § 15-18-8 in 2000, it enacted an amended version of the entire Act, not just the subsections containing substantive amendments. Act No. 2000-759, Ala. Acts 2000 ("Section 15-18-8 of the Code of Alabama 1975, is amended to read as follows....”).

18. In a "reverse split” sentence, the sentencing court orders a defendant to serve the probationary period of the split sentence first, with the period of incarceration to follow.